JEREMIAH BARRETT, Jr. *vs.* WILLIAM VAUGHAN. .

An *audita querela* will not lie to set aside a former judgment where the defence could
  have been made in the original suit, unless such defence has been prevented by the
  fraud of the opposite party.

That a party makes profert of letters of administration, when in fact he has none,
  involves no inference of fraud.

This was an *audita querela*, commenced in the supreme
court, in which the present plaintiff attempts to set aside a former
execution and judgment which the defendant recovered against
him as administrator on the estate of one John W. Mott.   The
declaration states, in substance, that in the former suit between the
parties, the defendant in his declaration made profert of his let-
ters of administration, and then avers that the defendant never
was administrator on the estate of said Abbot, duly appointed
by any court of probate in this state, but that the defendant
fraudulently and deceitfully pretended that he had taken out
such letters of administration, when in truth no such letters
had been granted to him ; and that the defendant had therefore
no authority or right to have and maintain his action aforesaid.

The defendant first made a motion to dismiss the suit, on the
ground that it was not cognizable before the supreme court.

The defendant then plead in bar, "that he did not *fraudu-
lently* and deceitfully pretend and hold out to the said plaintiff
that he was administrator on the estate of John W. Mott, as
alleged in his said complaint, but that the same was done in
good faith, supposing and then believing that he had been duly
appointed by the probate court for the district of Rutland, and
that there was a record of the same appointment in said office,
and that there was a full and ample trial on the merits of said
action.   And that heretofore, to wit, on the 4th day of May,
1833, the said court of probate, under their hand and official
seal, granted letters of administration on the estate of the said
John W. Mott, to the defendant ; and that as such administra-
tor, he has a right to all the effects of the intestate within this
state, both at law and in chancery."

*J. Clark, for defendant,* contended that this court has not orig-
inal jurisdiction of this cause.—See Comp. Laws, 118, sec. 2nd.
By the statute, original jurisdiction is given to the several county
ty courts.—Comp. Laws, 119, sections 5, 11 and 12.

The act making it necessary for a judge of the supreme
court to allow and sign writs of *audita querela*, where the

RUTLAND,
*January,*
1834.

Barrett
*vs.*
Vaughan.

judgment was rendered in that court, does not give the supreme court jurisdiction of the cause.—Comp. Laws, 61, sec. 11.

2. A writ of *audita querela* lies only in cases where the party has not had a day in court, and where the matter of complaint arises subsequent to the judgment; and not to re-examine that which has been litigated between the parties on a former trial.—1 Swift's Dig. 789, and the cases there cited.

*Thrall, contra.*

The opinion of the court was delivered by

MATTOCKS, J.—The whole complaint in this *audita querela* is, that the defendant, in a former suit, declared against the now plaintiff in an action of debt on judgment, as administrator of one John W. Mott, deceased, and recovered a judgment in said suit; and the plaintiff now alleges that in fact the defendant was not the administrator upon said estate. It is a well settled principle, that an *audita querela* will not lie to overhaul a judgment, where the defence could have been made in the original suit, unless such defence has been prevented by the fraud of the opposite party. In this case no facts are alleged from which fraud can be inferred, and that epithet being applied to the party or the transaction is of no use in the absence of such facts. In that suit, if the plaintiff did not make a profert of his letters of administration, the declaration would have been bad on special demurrer; if he did, the defendant might have plead in abatement, according to 2 Stark. 547; or in bar, according to 2 Chitty, 450. *Ne unques administrator* is certainly a good plea in abatement, and perhaps in bar; and if the plaintiff declare upon a cause of action arising in his own time under the general issue, the plaintiff must prove his administration as part of his title.—2 Starkie, 548. This plaintiff then had in the first suit an ample privilege to put the then plaintiff upon the proof of his administration, which, if he neglected it, was his own folly. Besides, it appears that the present defendant has since taken out letters of administration, and the plaintiff will now be protected in the payment of the judgment. We have treated the plea as being demurred to, which brings the declaration in question upon which the decision is founded, because it was so treated at bar; and as that is insufficient, it would be useless to pass upon the question to dismiss.

Judgment of the court that the declaration is insufficient.