## Isaac Merritt *vs.* Calvin Marshall.

After verdict for the complainant on a complaint for flowing land, and the entry of an order
for a jury to assess his damages, the parties submitted the question of damages to arbi-
tration *in pais* and the respondent paid the award and took the complainant's receipt, but
neither the submission, award or receipt purported to dispose of the pending suit. The
complainant offered to discontinue the suit on payment of his taxable costs, but the re-
spondent refused the offer, and moved to file an answer setting up the award and satisfac-
tion thereof in bar of the suit. This motion the court refused, unless on the same con-
dition as to costs. The complainant then took out the warrant for the jury; they assessed
his damages; and, on the acceptance of their verdict, he took judgment for nominal dam-
ages and costs. *Held*, that *audita querela* would not lie to prevent the enforcement of
this judgment.

AUDITA QUERELA, for relief against execution on a judgment
obtained by this defendant against this plaintiff upon a com-
plaint under the mill act, Gen. Sts. *c.* 149; praying for the an-
nulment of the judgment, for a *supersedeas*, and for damages
on account of the prosecution of the complaint by this defend-
ant after satisfaction by this plaintiff of the award of an arbi-
trator to whom the parties had made a submission *in pais*.

At the trial in the superior court, before *Brigham*, J., without
a jury, these facts appeared: At June term 1864 of the super-
rior court Marshall entered his complaint against Merritt for
flowing Marshall's land by Merritt's mill. On trial of the com-
plaint at September term 1865 a verdict was returned for Mar-
shall, an order made and entered on the docket for the calling
out of a sheriff's jury to assess his damages, and the case con
tinued to December term 1865. After this verdict, order and

continuance, Marshall, Merritt, and Morse, Merritt's grantor, on October 12, 1865, entered into a submission of the question of damages to the determination of Lucius Clapp as arbitrator, who on the same day made an award that Merritt pay a certain sum by way of damages to Marshall, and that Morse pay the costs of the reference. Morse accordingly paid those costs to the arbitrator; and Merritt paid to Marshall the sum awarded as damages, and Marshall receipted to him therefor on October 18, 1865. But neither the submission, award or receipt purported to dispose of the pending complaint, or made provision concerning costs therein. On the first day of the session of the court at December term 1865, Merritt moved for leave to file a supplemental answer setting up the submission, award, payment and receipt, in bar of the complaint; and Marshall offered in open court to consent to the filing of it, and to the entry of " neither party " in the suit, on the terms of Merritt's paying the complainant's taxable costs up to that time and taxing no costs himself. This offer Merritt refused. After the refusal, the court entered an order on the motion, granting its prayer on the same terms as to costs which Marshall had proposed to Merritt. To this order, so far as it related to the payment of costs by himself, Merritt alleged exceptions, which were overruled, as reported 13 Allen, 274. The case stood continued until between June and September terms 1867, when Marshall took out a warrant under the order for a sheriff's jury, and a jury was impanelled thereon, and such proceedings were had before them that they returned a verdict assessing his damages at a sum less than that which Merritt had paid to him under the award of the arbitrator, which verdict was accepted by the court. At September term 1867, Merritt filed a motion for an entry of " neither party," which motion the court refused, to which refusal he alleged exceptions, which were overruled, as reported 97 Mass. 516. At December term 1867, on Marshall's motion, after that decision, judgment was entered in his favor for nominal damages and for costs; which was the judgment from which relief was sought in this proceeding.

On these facts the judge ruled that *audita querela* could not

be maintained, and gave judgment for the defendant. The plaintiff alleged exceptions.

*E. Ames*, for the plaintiff.

*E. H. Bennett & H. J. Fuller*, for the defendant.

WELLS, J. The verdict of a sheriff's jury having been returned and accepted by the superior court, and judgment entered thereon, this writ of *audita querela* is brought to prevent its enforcement. The ground of complaint is, that the subject matter of the original suit has been determined by a submission and award in the country, and full satisfaction rendered and accepted. That suit was a proceeding for damages occasioned by flowage under the mill acts; and the award and payment were made after verdict in the superior court and an order thereon for a sheriff's jury, but before the sheriff's jury were called out. If the present plaintiff has been improperly deprived of an opportunity to avail himself of his defence of payment; or, without fault or neglect on his own part, has had no such opportunity, he may have relief in this mode. *Lovejoy v. Webber*, 10 Mass. 101. *Faxon v. Baxter*, 11 Cush. 35. *Goodrich v. Willard*, 11 Gray, 380.

Upon examining the facts of this case, we find that neither the submission, the award, nor the receipt of payment, upon which the plaintiff relies, purports to make any disposition of the suit then pending. No provision was made for the costs of that suit; and the plaintiff, who was then defendant, took no precaution to stipulate for its discontinuance or a discharge of the judgment which had been rendered upon the issue tried in the court. Whether this neglect arose from a desire to evade the payment of those costs, or from mere ignorance or inadvertence, is not stated in the report. Upon seeking to avail himself of his payment, to procure the discontinuance of the proceedings in the superior court, no objection was made by the then plaintiff, and the court allowed him full opportunity to do so, in the manner sought by him, upon condition that he would take no costs and pay the plaintiff's costs up to that time. This was within the power and discretion of that court. Gen. Sts. *c.* 129, § 41.; *c.* 156, § 21. We are to presume that that discre-

tion was rightly exercised, in view of all the facts of the case then before that court. And upon the facts as they now appear to us, our opinion concurs with the superior court, upon the question as a matter of discretion. The plaintiff in that suit also proposed, upon payment of his costs, to enter "neither party" in the case. This opportunity to avail himself of his payment, for his defence against any further liability for damages, was not only neglected, but deliberately rejected.

The plaintiff in that suit, having obtained in the regular course a verdict from the sheriff's jury, now remits all but nominal damages, seeking to avail himself of his judgment only to enforce the payment of his costs. To this, we think, in justice and equity, he is entitled; and therefore that the present plaintiff has no grievance, suffered or apprehended, for which he ought to maintain this writ. If the costs have been increased by the subsequent proceedings, it is due to the fact that he chose to make that increase necessary by his effort to escape from his liability, rather than to abide by the judgment of the superior court in the reasonable exercise of its discretion.

*Exceptions overruled.*