CYRUS H. McCORMICK & others *vs.* OLIVER FISKE & another.

Suffolk.  March 11, 1884. — Jan. 7, 1885.  COLBURN, J., absent.

If a writ of error to reverse a domestic judgment rendered in an action is open to the defendant in such action, he cannot set up, in defence to an action on the judgment, that the court had no jurisdiction of the original action because there was no proper service of the writ therein.

CONTRACT, against Oliver Fiske and John Eliot, on a judgment recovered by the plaintiffs, on June 24, 1880, in the Superior Court.  Writ dated November 2, 1881.  Answer: 1. That the original debt had been paid before judgment; that the judgment had been obtained by default and without notice to the defendant, so that the defendant was entitled, in the discretion of the court, to show the payment in defence.  2. That the judgment was void for want of jurisdiction, because there had been no sufficient service of the writ.  Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows:

The evidence tended to show that, prior to the year 1863, the defendants were copartners under the firm name of Fiske & Eliot, in Iowa City, Iowa, and were residents there at the time the original action was brought.

To maintain the present action, the plaintiffs produced a record, which showed that, on October 21, 1863, the plaintiffs brought an action in the Superior Court against the defendants, describing them as of Iowa City, Iowa, to recover the sum of $5000, alleged to be due from the defendants to the plaintiffs, which action was duly entered at the January term, 1864, of said court.  The officer's return upon the writ in said action, dated October 21, 1863, showed an attachment of "all the real estate belonging to the within-named John Eliot in the county of Suffolk, and all the right, title, and interest he has in and to any real estate in said county;" and no service upon the defendants.

The record further showed that the Superior Court ordered that the plaintiffs give notice to the defendants of the pendency of the action, and to appear before said court, at a time stated,

to answer to the same, by causing an attested copy of the order to be published in a certain newspaper printed in Boston, once a week, three weeks successively; and that the action be continued to the next term of the court, and so from term to term until notice should be given to the defendants, agreeably to the order.

An affidavit indorsed thereon by the plaintiffs' attorney certified that the order of notice had been complied with.

The record also showed that said action was continued, without further notice to the defendants, from term to term, until April term, 1880, of the Superior Court, when the action was discontinued as to Fiske, and judgment rendered against Eliot, on June 24, 1880, for the sum of $2882.46 damage, and $59.02 costs of suit; and that no execution issued on said judgment. The plaintiffs then rested their case.

On the first issue raised by the answer, the defendant put in evidence on the question whether the court would, in its discretion, allow a defence to be made, under the Pub. Sts. c. 167, § 81. The judge, in the exercise of his discretion, refused to allow the defence to be made.

The defendant then asked the judge to rule that the judgment was not one upon which the jury could render a verdict for the plaintiffs, for lack of proper service of the writ in the original action. The judge declined so to rule.

The jury returned a verdict for the plaintiffs; and the defendants alleged exceptions.

*J. T. Wilson*, for the defendant Eliot.

*R. D. Smith & M. M. Weston*, for the plaintiffs.

C. ALLEN, J. Under the Pub. Sts. c. 187, § 4, reënacting the Gen. Sts. c. 146, §§ 5, 6, a writ of error to reverse a judgment may be sued out within six years after the entering of the judgment; or, if an action of contract or writ of *scire facias* is brought on a judgment, a writ of error may be sued out at any time within six years after the bringing of such action or writ. A want of jurisdiction in the court rendering the judgment is peculiarly a proper matter to be assigned for error. Pub. Sts. c. 187, § 3.

Upon a writ of error, the actual facts upon which the jurisdiction depended might be shown; and if, upon those facts, the

court had no jurisdiction, the defendant in the original action would be entitled to a reversal of the judgment. *Tilden* v. *Johnson*, 6 Cush. 354, 359. If the facts would warrant it, a writ of error might have been brought in the present case, and an application made for a stay of proceedings in the action upon the judgment, until it could be determined whether or not the judgment should be reversed for error. Since the remedy by writ of error was thus open to the defendant, the defence here set up cannot avail to defeat a domestic judgment. *Cook* v. *Darling*, 18 Pick. 393. *Finneran* v. *Leonard*, 7 Allen, 54. *Hendrick* v. *Whittemore*, 105 Mass. 23.

*Exceptions overruled.*