FOWLER *v.* BROOKS.

A judgment rendered by a justice of the peace cannot be impeached collaterally on the ground of his relationship to the parties.

REPLEVIN, for a carriage and harness.  One Durgin brought an action against the plaintiff before a justice of the peace whose father was a cousin of the father of Durgin's wife.  Fowler appeared and filed with the justice a written objection to his jurisdiction, on the ground of his relationship to Durgin.  The justice overruled the

objection, and rendered judgment in favor of Durgin, from which no appeal was taken. An execution was issued upon the judgment, by virtue of which a deputy sheriff took the chattels in question, then the property of the plaintiff, and sold them regularly at public auction to the defendant. The plaintiff claims to recover on the ground that the judgment and all proceedings under it were void.

*J. H. Hobbs*, for the plaintiff.

*J. B. Nash*, for the defendant.

CARPENTER, J. Durgin's wife and the justice were second cousins. By the common law of this state, a judge related to either party within the fourth degree is not qualified to sit in the cause. *Bean* v. *Quimby*, 5 N. H. 94; *Gear* v. *Smith*, 9 N. H. 63; *Sanborn* v. *Fellows*, 22 N. H. 473; *Moses* v. *Julian*, 45 N. H. 52. The question whether he is disqualified by a more distant relationship (*Sanborn* v. *Fellows*, 22 N. H. 488) need not now be determined; because, assuming that the justice could not lawfully act in the case, the judgment was voidable only, and not void. *Moses* v. *Julian, supra; Stearns* v. *Wright*, 51 N. H. 600; *Crowell* v. *Londonderry*, 63 N. H. 49; *Dimes* v. *Grand Junction Canal*, 3 H. L. Ca. 759, 785, 790; *Phillips* v. *Eyre*, L. R. 6 Q. B. 1, 22. In the last named case the court say (*p.* 22),—"As a rule, the judgment of an interested judge is voidable, and liable to be set aside by prohibition, error, or appeal, as the case may be; but it is not absolutely void, and persons acting under the authority of such a judgment, before it is set aside by competent authority, would not be liable to be treated as trespassers." The plaintiff had a complete remedy by appeal. A judgment rendered in this state against a citizen of this state (*Rangely* v. *Webster*, 11 N. H. 299; *Russell* v. *Perry*, 14 N. H. 152; *Eastman* v. *Dearborn*, 63 N. H. 364; *Carleton* v. *Bickford*, 13 Gray 591; *Finneran* v. *Leonard*, 7 Allen 54; *McCormick* v. *Fiske*, 138 Mass. 379; *Eliot* v. *McCormick*, 144 Mass. 10; *Coit* v. *Haven*, 30 Conn. 190) by a court, or by any tribunal, for the revision of whose proceedings a direct process by appeal or otherwise is provided, cannot be collaterally impeached by a party except for want of jurisdiction of the subject-matter. *Smith* v. *Knowlton*, 11 N. H. 191; *Morse* v. *Presby*, 25 N. H. 299, 303; *Gurnsey* v. *Edwards*, 26 N. H. 224, 229; *State* v. *Richmond*, 26 N. H. 232; *Nichols* v. *Smith*, 26 N. H. 298, 300; *State* v. *Canterbury*, 28 N. H. 195, 224; *Claggett* v. *Simes*, 31 N. H. 56; *Haywood* v. *Charlestown*, 34 N. H. 23; *State* v. *Rye*, 35 N. H. 368; *Gay* v. *Smith*, 38 N. H. 171; *Kimball* v. *Fisk*, 39 N. H. 110; *State* v. *Towle*, 42 N. H. 540; *State* v. *Shattuck*, 45 N. H. 205, 211; *Boody* v. *Watson*, 64 N. H. 162, 184; *Hendrick* v. *Whittemore*, 105 Mass. 23; and the cases before cited. It is not now necessary to

consider whether, consistently with this result, the decision in *Davis* v. *Hazen*, 61 N. H. 383, can be upheld.

<em>Judgment for the defendant.</em>

ALLEN, J., did not sit: the others concurred.