PENDEXTER & a. *v.* CATE, *Guard. of Cole.*

An officer's return on a writ that "I made service on the within named defendant by delivering a summons in hand for his appearance at court" is sufficient under the statute of Maine to give the court jurisdiction of the person and cause.

A judgment by default in such a case is conclusive.

DEBT, on a judgment recovered in Maine by the plaintiffs against the defendant Cate, in 1871, upon default. The officer's return of service on the original writ was, "I made service on the within named defendant by delivering a summons in hand for his appearance at court." The defendant objected that the return did not show that the summons was given by the officer to the defendant in hand, as required by the Maine Revised Statutes. He also objected that the defendant having been defaulted, judgment was entered for $78.40, while the account annexed to the writ was $77.65.

*Frank Weeks*, for the plaintiffs.

*Worcester & Gafney* and *Beacham & Foote*, for the defendant.

CLARK, J. The return of the officer that he "made service on the within named defendant by delivering a summons in hand for his appearance at court" was sufficient. It cannot, by any reasonable interpretation, be construed to mean a delivery in hand to any other person than the defendant.

As the court had jurisdiction of the subject-matter of the case and of the person of the defendant, the record is incontrovertible, and the judgment cannot be inquired into in this suit. *Lawrence* v. *Smith*, 45 N. H. 533, 537; *Fowler* v. *Brooks*, 64 N. H. 423; *McDonald* v. *Drew*, 64 N. H. 547.

*Judgment for the plaintiffs.*

BINGHAM, J., did not sit: the others concurred.