HERBERT RADCLYFFE *vs.* GEORGE S. BARTON.

Suffolk.    March 2, 1894. — May 17, 1894.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Audita Querela — Deposition — Pleadings as Evidence — Rule of Court.*

·On June 11, 1878, an action was brought by A. on a promissory note for $1,000, signed by B. and indorsed by C., and the *ad damnum* in the writ was laid at $300. The action was entered in July, 1878, and on July 20 judgment was entered thereon by default for $300. On July 12, 1879, on motion, the judgment was vacated, the action brought forward, the *ad damnum* was increased to $1,500, and a new judgment entered in favor of A. for $1,116.73 damages. Execution issued, and a small amount was paid thereon. On October 27, 1879, A. assigned to C., the indorser, the judgment and execution obtained in July, 1879, and on March 21, 1888, an action was brought on the judgment in the name of A. " for the benefit of " C., assignee. This action was defended by B., who set up various equitable defences as against C., but made no mention of the increase of the *ad damnum*. At the trial it was adjudged that the answer set forth no defence, and a verdict was ordered for the plaintiff, and on May 20, 1889, judgment was entered in his favor for $1,796.13 damages, which was paid by B. On June 6, 1889, B. sued out of this court a writ of error, on which the judgment entered against him on July 12, 1879, was reversed, for the reason that the judgment entered in July, 1878, could not be vacated on a mere motion, and this left the judgment of July, 1878, in force. On September 24, 1891, B. sued out a writ of *audita querela* to set aside the judgment for $1,796.13 obtained on May 20, 1889, and to recover damages. After the action was brought A. died, and his executor was allowed to appear and defend. At the trial the presiding justice found that at some time in June, 1878, and before the entry of the first action, C. paid to A. the amount then due upon the note, and that all the subsequent proceedings set forth in the declaration were begun and carried on by C. for his benefit in the name of A., and without consultation with him, and that the fact that such proceedings were so begun and carried on was known to B. during the pendency of the suit upon the judgment. *Held*, that as against A., who had nothing to do with the prosecution of the action on the judgment which was brought in his name for the benefit of C., and who had received nothing from the judgment, the writ of *audita querela* would not lie. *Held*, also, that the pleadings in the action upon the judgment which were offered for the purpose of proving that the issues in this case were involved in that one were admissible for the purpose for which they were offered. *Held*, also, that the answer in the action on the judgment, which was also offered independently to prove certain facts, and which was signed by B. personally, was competent, as containing deliberate admissions made by him.

If the facts testified to in a deposition of one of the parties to an action are material to the issues both in that action and in a later one between the same parties, the deposition is competent evidence in the later action where the deponent has died before the trial.

The forty-first rule of the Superior Court, which provides that "when a deposition has been filed, if not read on the trial by the party taking it, it may be used by the other party, if he sees fit, he paying the costs of taking the same," does not state a condition precedent; and while it is in the discretion of the presiding justice to exclude a deposition so offered in evidence, if the costs are not paid on the demand of the party taking it, yet if no demand is then made, and the deposition is admitted, it is no ground for thereafter holding it to be improperly admitted that the costs of taking it have not been paid or tendered.

A writ of *audita querela* will be of no avail where the party complaining has already had an opportunity for defence.

LATHROP, J.  This is a writ of *audita querela*, dated September 24, 1891, to set aside a judgment obtained on May 20, 1889, in an action brought in the name of Barton against Radclyffe, and to recover as damages the sum of $1,372.88, with interest from June 29, 1889.  After the action was begun, Barton died, and his executor was allowed to appear and defend.

At the trial in the Superior Court, before a single justice, the following facts were proved or admitted.  On June 11, 1878, an action was brought by Barton on a promissory note for $1,000, dated in 1873, signed by Radclyffe and indorsed by George M. Rice.  The *ad damnum* stated in the writ was $300.  The action was entered in July, 1878.  Radclyffe was defaulted, and on July 20, 1878, judgment was entered upon the default for $300.  On July 12, 1879, on motion, the judgment was vacated, the suit was brought forward, the *ad damnum* was increased to $1,500, and a new judgment entered in favor of Barton for $1,116.73 damages.  Execution issued, and a small amount was paid thereon.

On October 27, 1879, Barton assigned to Rice the judgment and execution for $1,116.73.  On March 21, 1888, an action was brought on this judgment, in the name of Barton, " for the benefit of George M. Rice," assignee.  This action was defended by Radclyffe, who set up various equitable defences as against Rice, but no mention was made in the answer that the *ad damnum* had been increased.  At the trial, it was ruled that the answer set forth no valid defence, and the court ordered a verdict for the plaintiff.  On report, this court was of opinion that the ruling was right, and, on May 11, 1889, ordered judgment on the verdict.  *Barton* v. *Radclyffe*, 149 Mass. 275.  On May 20, 1889, judgment was entered in favor of the plaintiff in the sum of $1,796.73 damages.  On the same day Radclyffe paid

part of the judgment against him, and in the latter part of June (the 29th, as alleged in the declaration) paid the rest of it, after having been arrested on poor debtor proceedings. These payments were made to the officer having the execution.

On June 6, 1889, Radclyffe sued out of this court a writ of error to reverse the judgment entered on July 12, 1879, and the judgment was reversed, for the reason that the judgment entered in July, 1878, could not be vacated on a mere motion. *Radclyffe* v. *Barton*, 154 Mass. 157. This left the judgment of July, 1878, in force.

The judge found that at some time in June, 1878, and before the entry of the first action, Rice paid to Barton the amount then due upon the note, and that all the subsequent proceedings set forth in the declaration were begun and carried on by Rice in the name of Barton, for the sole benefit of Rice, and without consultation with Barton ; and that the fact that such proceedings were so begun and carried on was known to Radclyffe during the pendency of the suit upon the judgment.

These findings depend largely upon the question of the admissibility in this action of the pleadings in the action upon the judgment, and of a deposition of Barton taken in that action by Radclyffe. The pleadings were offered for the purpose of proving that the issues in the present case were involved in the action on the judgment, which it is now sought to reverse. The answer in that action was also offered independently to prove certain facts. This answer was signed by Radclyffe personally.

We have no doubt that the pleadings were admissible for the purpose for which they were offered. And we are of opinion that the answer was also competent evidence as deliberate admissions made by Radclyffe. *Central Bridge Co.* v. *Lowell*, 15 Gray, 106, 122. *Bliss* v. *Nichols*, 12 Allen, 443, 445. See also *Elliott* v. *Hayden*, 104 Mass. 180.

If the facts testified to by Barton in his deposition in the action on the judgment are material to the issue in the present case, and were material to the issue in that case, we see no reason to doubt that, as he has since died, the deposition, being taken in an action between the same parties, was competent evidence. *Yale* v. *Comstock*, 112 Mass. 267. The question presented in *Sewall* v. *Robbins*, 139 Mass. 164, was not the

admissibility of the deposition of a deceased witness, but of a living witness; and the case has no application to the question before us.

The plaintiff further contends that the defendant had no right to use the deposition without first paying or tendering the expense of taking it. The forty-first rule of the Superior Court provides that, " when a deposition has been filed, if not read on the trial by the party taking it, it may be used by the other party, if he sees fit, he paying the costs of taking the same." While the report finds that the defendant did not pay or offer to pay the expense of taking the deposition, it also finds that the plaintiff did not demand such payment when the deposition was offered in evidence. We do not regard the rule as stating a condition precedent, but as giving the party taking the deposition the right to be repaid the costs thereof in case he does not use it and the other party wishes to use it. It is no doubt within the discretion of the presiding justice to exclude a deposition so offered in evidence, if the party taking it then demands payment of the costs, but if no demand is then made, and the deposition is admitted, it is no ground for holding it to be improperly admitted that the costs of taking it have not been paid or tendered.

It is not contended that the findings of the justice are not fully warranted by the evidence, if the answer and deposition are in evidence. The remaining questions are, whether, on the facts proved or admitted, the judge was bound, as matter of law, to order judgment for the plaintiff, and whether his finding for the defendant was wrong.

The writ of *audita querela* is a common law writ, which is recognized by statute in this Commonwealth as an existing remedy. Pub. Sts. c. 186, §§ 1–6. By § 3, the cause is to be heard by the court " upon any issue of law or fact," and such judgment is to be rendered " as law and justice shall require."

As was said of the earliest statute on this subject in this Commonwealth, (St. 1780, c. 47.) the present statute " has left the question of the cases, in which it is a suitable remedy, to be determined by rules and precedents at common law." *Lovejoy* v. *Webber*, 10 Mass. 101.

In the case last cited, the writ was held to be a suitable

remedy where a debtor, after service of an original writ upon him, and before its return, satisfied the demand, and the creditor afterwards entered the action, recovered judgment, and caused his execution to be levied on the debtor's property. See also *Thatcher* v. *Gammon*, 12 Mass. 267, 270.

So, where one of two judgment debtors pays the judgment, and the execution, instead of being returned satisfied, is returned unsatisfied, and an alias execution is taken out on which the other debtor is arrested. *Brackett* v. *Winslow*, 17 Mass. 153.

So, where the execution calls for a larger sum than is authorized by the judgment. *Stone* v. *Chamberlain*, 7 Gray, 206.

So, if the judgment debtor resides out of the Commonwealth, and the creditor, having obtained judgment by default, takes out execution within one year thereafter, without first giving bond, as required by law. *Dingman* v. *Myers*, 13 Gray, 1.

The writ, however, will be of no avail where the party complaining has already had an opportunity of defence. *Lovejoy* v. *Webber*, *ubi supra.* *Faxon* v. *Baxter*, 11 Cush. 35. *Goodrich* v. *Willard*, 11 Gray, 380. *Barker* v. *Walsh*, 14 Allen, 172. *Barrett* v. *Vaughan*, 6 Vt. 243. *Avery* v. *United States*, 12 Wall. 304. Com. Dig. Audita Querela, C.

In the case at bar, as soon as the action was brought upon the judgment of 1879, a writ of error could have been brought to reverse that judgment, and an application made to stay the proceedings in the action upon the judgment, until it could be determined whether or not the judgment should be reversed for error. *McCormick* v. *Fiske*, 138 Mass. 379. Or, after obtaining a reversal of the former judgment, a writ of review of the action on the judgment might have been applied for.

Without, however, determining that these remedies would have prevented the plaintiff from availing himself of the writ of *audita querela*, (see *Lovejoy* v. *Webber*, 10 Mass. 101,) we are of opinion that, as against Barton, the writ will not lie. He had nothing to do with the prosecution of the action on the judgment. While it was brought in his name, it was brought for the benefit of Rice. He received nothing from the judgment, and it would be a perversion of justice to compel him to pay what he has not received. No case has been cited to us, and we have found none, where under such circumstances a writ

of *audita querela* has availed a plaintiff. It is indeed doubtful whether, if the action on the judgment had been prosecuted by Barton to final judgment, and he had received the benefit of it, the court would by this writ order it to be paid back, unless there was a defence to the original action on the merits. See *Coffin* v. *Ewer*, 5 Met. 228; *White* v. *Clapp*, 8 Allen, 283; *Merritt* v. *Marshall*, 100 Mass. 244; *Bryant* v. *Johnson*, 24 Maine, 304; *Little* v. *Cook*, 1 Aik. 363.

By the terms of the report, there must be

*Judgment for the defendant.*

*C. H. Sprague*, for the plaintiff.

*W. S. B. Hopkins & F. B. Smith*, for the defendant.