HERBERT M. PLIMPTON *vs.* ERNEST G. HOWES.

Norfolk.    October 18, 1927. — November 25, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Scire Facias.    Trustee Process.*

The mere fact that the plaintiff in an action of contract brought by trustee process, in which the defendant was a foreign corporation and was not served with process, after having charged the trustee and procured judgment on June 3, 1918, following proceedings under R. L. c. 170, §§ 6, 7, took out an execution the next day without giving the bond required by § 8 of that statute, is not a defence to an action of scire facias brought against the trustee a year and three months after the date of the execution, nothing having been done to vacate the proceedings under the execution.

SCIRE FACIAS upon a judgment in which the defendant was charged as trustee.    Writ dated August 12, 1919.

In the Superior Court, the case was heard by *Donahue, J.*, without a jury, all the facts being agreed to.    Material facts are stated in the opinion.    The judge reported the case to this court for determination without rendering a decision.

*A. E. Whittemore*, for the defendant.

*E. G. Loomis*, for the plaintiff.

BRALEY, J.    The plaintiff August 28, 1917, brought an action of contract by trustee process in which the present defendant was named and duly summoned as trustee of the principal defendant described as the "American Flooring Co., Inc., a corporation duly established under the provisions of law and having its usual place of business in Boston in our county of Suffolk."    The officer's return of service on the corporation recites, "I made diligent search for said defendant corporation, and for its officers, stockholders, agents, or attorneys, but I have been unable to find either within my precinct, known to me as such and duly accredited, and therefore I could make no service of this writ upon said defendant corporation."    The trustee appeared and answered disclosing funds of $615 due to the corporation, and there-

upon the plaintiff obtained an order of notice on November 20, 1917, to the corporation which was served by publication. R. L. c. 170, § 6.   The corporation not having appeared, it was defaulted, damages were assessed, and judgment therefor with costs was entered June 3, 1918, for $1,102.58.   It was agreed by the parties in the case at bar that the American Flooring Co., Inc. is a foreign corporation and on the record the judgment against the company was valid only as to the property attached and held by the trustee; (*Eliot* v. *Mc-Cormick*, 144 Mass. 10, 11,) and the judgment was enforceable against the fund even if process had not been served on the company.   *Rothschild* v. *Knight*, 176 Mass. 48.   The trustee was charged on his answer May 24, 1918, and on June 4, 1918, without giving bond, the plaintiff took out execution upon which the officer made return that upon demand the trustee failed and neglected to pay over goods, effects and credits for which he was chargeable and, the execution having been returned in no part satisfied, the present writ of scire facias was brought September 2, 1919, to recover judgment and execution against the defendant.   R. L. c. 189, § 45.   The execution, however, having been issued within a year from the date of judgment, without giving bond as required by the statute, the defendant contends that scire facias cannot be maintained.   R. L. c. 170, § 8.   But, even if no bond was given, a writ of error would not lie, and for such omission the defendant could have brought a writ of review within the year, or a writ of audita querela to vacate the proceedings under the execution.   *Johnson* v. *Harvey*, 4 Mass. 483.   *Lovejoy* v. *Webber*, 10 Mass. 101. *Dingman* v. *Myers*, 13 Gray, 1.   *Radclyffe* v. *Barton*, 161 Mass. 327, 330, 331.   It follows under the terms of the report that the plaintiff is entitled to judgment for $615. R. L. c. 189, § 45.   *Universal Optical Corp.* v. *Globe Optical Co.* 228 Mass. 84.   *MacAusland* v. *Fuller*, 229 Mass. 316.

*So ordered.*