CLARA F. HODGKINSON, administratrix, *vs.* THOMAS J. HODGKINSON.

Suffolk.   November 18, 1932. — January 5, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Partnership*, Accounting.   *Executor and Administrator.*

In a suit in equity commenced in 1926 by a woman as administratrix of her father's estate against her brother for a partnership accounting, it was found that an oral partnership previously existing between the intestate and the defendant was terminated in 1919 by a verbal agreement whereby the defendant acquired entire ownership of the business and agreed to make certain payments during the lives of the intestate and his wife, and the intestate retained a one-half interest which he had had in the realty and machinery and equipment used in the business, the other one-half interest being owned by the defendant; that the defendant made such payments; that no accounting ever was requested of the defendant by the intestate; that the defendant and the intestate had acted in good faith; and that, after the death of the intestate in 1923, the plaintiff, who personally had acquired the intestate's interest in the realty and personalty, for good consideration transferred her interest in the real estate and equipment to the defendant and later, individually and as administratrix, transferred to the defendant the personal property.   It did not appear that there were any debts due from the estate.   *Held*, that the plaintiff as administratrix had no right to an accounting, and the suit could not be maintained.

BILL IN EQUITY, filed in the Superior Court on May 21, 1926, and described in the opinion.

The suit was referred to a master.   Material findings are stated in the opinion.   Certain interlocutory action described therein having been taken by *Keating*, J., and *F. T. Hammond*, J., there were entered by order of *F. T. Hammond*, J., an interlocutory decree confirming the master's report and a final decree dismissing the bill.   The plaintiff appealed from the decrees and other orders entered.

*M. Michelson*, for the plaintiff.

*S. E. Duffin*, for the defendant, submitted a brief.

CROSBY, J. This bill in equity is brought by the administratrix of the estate of John Hodgkinson, seeking a partnership accounting. The case was referred to a master who made the following findings: The defendant is the son of the intestate, and in the year 1885 they entered into an oral partnership for carrying on a milling and finishing business, including the making of sashes and windows, under the name of John Hodgkinson and Son. Until 1895 the business was carried on at Business Street, Hyde Park, and thereafter at 25–29 West Street, a mill being erected there with partnership funds. Until 1919 the land and shop equipment, machinery and business were owned by the partners in equal shares. Late in 1918 and early in 1919 the father was ill and unable to work; the defendant kept the books, drew the checks and kept the accounts. There was no agreement as to the division of profits or capital upon dissolution, except that they were to share equally. In May, 1919, a verbal agreement was entered into by them by which the father retained a one-half interest in the real estate on West Street, and a one-half interest in the machinery and equipment in the mill. The defendant thereafter owned the entire business of the partnership including its good will, bills receivable and cash, and assumed the bills payable. The defendant agreed to pay his father "not less than $20 a month, and up to $35 a month if the business warranted such an increase until the survivor of his father and mother died." The intestate accepted the agreement of the defendant to make the payments as a complete accounting and in consideration thereof transferred to the defendant his entire interest in the partnership, retaining for himself only the interest in the real estate and equipment as above set forth. The defendant made the payments as agreed until the death of his father on May 11, 1923, and thereafter until the death of his mother which occurred June 11, 1923. After the agreement above set forth was entered into the defendant conducted the business under his individual name. At the time of the accounting the defendant also agreed to pay the taxes on the partnership real estate and equipment and

to make minor repairs; this he did up to the date of the death of his father, who was mentally competent and had full knowledge of the agreement and transfer of his interest in the business to the defendant. Both parties acted in good faith. From May 1, 1919, to the death of the intestate, no accounting was ever requested of the defendant by his father or by the daughter Clara F. Hodgkinson, who as administratrix is the plaintiff in this suit. In July, 1920, the intestate conveyed by deeds and bill of sale all his property, real and personal, to this daughter, except his one-half interest in the mill and equipment. The heirs of the intestate and his wife were the defendant and four daughters, three of whom were unmarried and lived away from their father's home. On June 14, 1923, these three sisters conveyed all their interest in the estates of their father and mother to the plaintiff as an individual. On June 15, 1923, she agreed to accept the sum of $1,700 from the defendant for her interest in the real estate and equipment of the mill, she then being the owner of four tenths thereof. Accordingly, on the following day she executed and delivered to the defendant a deed and a release conveying to the defendant all her right, title and interest in the real estate and equipment at 25–29 West Street — the mill property. At the same time the defendant paid her $200 by check, and gave her his note for $1,500 payable "upon delivery of a deed under license of the Probate Court and in any event within one year . . . ." The plaintiff cashed the check, and has retained the proceeds as well as the note which has not been paid, although the defendant's offer to pay it was refused by the plaintiff. On June 19 she also individually and as administratrix of her father's estate executed a bill of sale transferring to the defendant the personal property formerly used in the partnership. In September, 1923, the plaintiff repudiated the transactions above referred to, and almost three years later brought this suit. All these written instruments were made by, or given to the plaintiff individually and before her appointment as administratrix on June 19, 1923, except the bill of sale of the personal property given by her to the defendant and above referred to.

The bill seeks an accounting of profits of the partnership from the year 1885 up to the time of the death of the intestate, which occurred May 11, 1923. The master found that the partnership was terminated on or before May 5, 1919. As administratrix the plaintiff had nothing to do with the real estate belonging to the estate except to collect and account for the rent under G. L. (Ter. Ed.) c. 206, § 8, unless she was granted a license from the Probate Court to sell the same for the payment of debts and legacies under G. L. (Ter. Ed.) c. 202. *Hooker* v. *Porter,* 271 Mass. 441, 446. *Cook* v. *Howe,* 280 Mass. 325, 328. As to the personal estate, the plaintiff individually acquired by transfer from her sisters their shares, and, with the share she inherited, was the sole owner of the whole, apart from the share of her brother. As she transferred all her interest therein to him she had parted with all interest she individually had in the personal property. Thus her sole interest therein would be in her capacity as administratrix, and then only for the payment of debts due from the estate. It nowhere appears that when she filed this bill on May 21, 1926, there were any debts due from the estate, nor does it appear that at the time of the hearing before the master there were any such debts. It follows that when the suit was brought the plaintiff had no interest as administratrix in the personal property, and for that reason she cannot maintain the bill. Moreover, the master found that, on June 19, 1923, upon the advice of counsel, she individually and as administratrix executed a bill of sale of the personal property to the defendant for an adequate consideration when she was mentally competent and with full understanding of the transaction.

At the close of the hearing before the master and after argument, counsel for the plaintiff presented forty-four requests for rulings which were refused except so far as embodied in the report. They need not be considered in detail; it is sufficient to say that no error of law appears in the action of the master. The denial of the plaintiff's motion to strike out certain evidence admitted *de bene,* and the denials of the motions to recommit the report, to amend

the bill, that certain facts be found by the judge, show no error of law.

The interlocutory decrees confirming the master's report are affirmed. The final decree is affirmed with costs.

*Ordered accordingly.*