ANNIE V. PATRICK *vs.* HARRY C. DUNBAR, executor.

Middlesex.    January 4, 1937. — March 29, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Execution. Practice, Civil,* Execution, Parties. *Executor and Administrator,* Insolvent estate, Interest in property of estate, Levy upon property of estate.

An executor under a will, who by the will was given no power to sell real estate of which the testator had died seised and who, although the estate had been represented insolvent, had not sought a license to sell the real estate, had no standing to seek to have annulled an execution in favor of a creditor of the testator upon which there had been a levy and a sale of such real estate and which had then been returned to court, though thereafter this court had decided that the execution was issued unlawfully and was void.

CONTRACT. Writ in the Third District Court of Eastern Middlesex dated October 5, 1933.

On removal to the Superior Court, there was a finding for the plaintiff and this court on March 30, 1936, sustained exceptions by the defendant, allowed in the Superior Court on May 22, 1935, to an order directing the issuance of an execution pending insolvency proceedings, as reported in 294 Mass. 101. The defendant then filed a motion that the "action be brought forward" and the "original execution" and an alias execution described in the opinion "be set aside and annulled." The motion was heard by *Williams*, J., and an order was entered that, this court "having ruled that 'the plaintiff was not entitled to an execution on the facts disclosed,' the alias execution is hereby declared to be null and void and ordered returned into court and no further alias is to issue." The defendant alleged exceptions.

It appeared that the sale of real estate under the execution was on July 20, 1935, and that the execution was returned to court on September 17, 1935.

*J. F. Groden*, (*H. C. Dunbar* with him,) for the defendant.

*K. C. Tiffin*, for the plaintiff, submitted a brief.

QUA, J. When this case was here before we held that the order of the Superior Court of March 29, 1935, allowing the plaintiff's motion for execution and ordering execution to issue as of February 12, 1935, was erroneous and we sustained the defendant's exceptions thereto. *Patrick* v. *Dunbar*, 294 Mass. 101. From the present record and the docket entries it appears that on April 1, 1935, execution issued as of February 12, 1935, "pursuant to order of court," notwithstanding that the defendant had filed his former bill of exceptions on March 30. That execution ran against the goods and estate of the defendant's testatrix. By the return thereon it appears to have been served by the sale to one Powell of real estate formerly of the testatrix and in no other way. Thereafter it was returned to court satisfied in part, and an alias execution was issued for the balance of the judgment debt. After the rescript from this court sustaining the exceptions the defendant moved that both the original and the alias executions be annulled. On this motion the trial judge entered an order declaring the alias execution null and void and ordering

that no further alias issue. The defendant now excepts to the refusal of the judge to annul the original execution which had been served and returned to court.

This court decided upon the former exceptions that the order for the issuance of an execution was in violation of G. L. (Ter. Ed.) c. 198, § 33, to the effect that execution shall not issue where a certified copy showing a representation of insolvency of a defendant estate has been filed in the clerk's office. It necessarily follows that the execution issued in pursuance of the order was in excess of the jurisdiction of the court and void. That has been decided in this Commonwealth with respect to a purported execution issued in violation of a comparable statute. *Washington National Bank* v. *Williams*, 188 Mass. 103, 106; *S. C.* 190 Mass. 497. To similar effect is *Dingman* v. *Myers*, 13 Gray, 1. Such an execution and any purported levy thereunder are open to collateral attack in an action to recover the land levied upon. *Penniman* v. *Cole*, 8 Met. 496, 501. See *Hayden* v. *Shed*, 11 Mass. 500, 503; *King* v. *Goodwin*, 16 Mass. 63; *Stevens* v. *Fitch*, 11 Met. 248; *Horton* v. *Wilde*, 8 Gray, 425; *Look* v. *Luce*, 136 Mass. 249. And it would seem that such action can be maintained even against an innocent purchaser at the execution sale. *Kennedy* v. *Duncklee*, 1 Gray, 65. *Delano* v. *Wilde*, 11 Gray, 17. *Brayman* v. *Whitcomb*, 134 Mass. 525, 526. And audita querela may also be available. *Johnson* v. *Harvey*, 4 Mass. 483, 485. *Dingman* v. *Myers*, 13 Gray, 1. *Radclyffe* v. *Barton*, 161 Mass. 327. *Plimpton* v. *Howes*, 261 Mass. 422. G. L. (Ter. Ed.) c. 249, § 1.

There are many instances where defects or irregularities have been held insufficient to render an execution void. Some of these are collected in *Chesebro* v. *Barme*, 163 Mass. 79, and in *Brazill* v. *Green*, 243 Mass. 252. These cases are to be distinguished from the case at bar. Here the court was forbidden by statute to issue any execution at all.

We do not intimate that even a void execution which appears good on its face will not protect the officer serving it from liability for trespass. That situation is gov-

erned by a different principle. *David* v. *Larochelle,* 296 Mass. 302.

But notwithstanding what has been said, it does not necessarily follow that the defendant is entitled to prevail on these exceptions. We need not decide whether his attempted remedy by motion in the original action to annul the execution is proper where, as here, the execution has been fully served and returned. See *Boston & Maine Railroad* v. *D'Almeida,* 221 Mass. 380, 383. The real difficulty with the defendant's position lies in his failure to show on the record before us that as executor he has suffered any injury from the service of the execution. That execution has wholly spent itself in the attempted levy on real estate. It has done and can do no other or further harm. The parties interested in the setting aside of the invalid levy would be the plaintiff, the devisees of the testatrix and the purchaser at the execution sale. There is nothing to show that the defendant as executor was interested in a legal sense in the fate of the real estate. It does not appear that he had a power of sale or a license to sell. He has not brought himself within any of the provisions of statute to which he must resort as the source of any right in real estate. *Richards* v. *Sweetland,* 6 Cush. 324. *Brigham* v. *Hunt,* 152 Mass. 257. *Tyndale* v. *Stanwood,* 190 Mass. 513, 516. *Hooker* v. *Porter,* 271 Mass. 441, 446. *Cook* v. *Howe,* 280 Mass. 325, 328. *Hodgkinson* v. *Hodgkinson,* 281 Mass. 463, 466. The mere fact that the estate had been represented insolvent is not enough to give the executor an interest in the real estate. *Stockwell* v. *Shalit,* 204 Mass. 270, 272. See *Brooks* v. *Jackson,* 125 Mass. 307, 309. Of the parties interested in the sale of the real estate only the plaintiff is a party to this action. No new order made in this action subsequently to the sale could change the existing situation as to those not parties. As the levy was void, they are free to pursue their appropriate remedies outside this action, as is also the defendant, if and when he can show that he has an interest in the land.

The defendant's position was different when the case was

here before. At that time he had an interest in preventing the execution from issuing, as for aught that then appeared it might be levied upon personal property in his possession as executor, thereby confusing the administration of the estate.

We do not pause to determine whether in a strictly technical sense the defendant as a party to the action and as named in the execution had a right to present his motion. If there was any error in the part denial of that motion it was, so far as appears, a harmless one, and the practical result is the same in any event.

*Exceptions overruled.*