Pettingell, P. J.
Action of contract on a judgment in the District Court of Eastern Essex entered June 8, 1932. The defendant’s answer is a general denial and payment. In response to an order for further particulars the defendant stated as follows:
“The defendant says that no judgment was recovered against him as alleged in the Declaration, but that if it shall appear that a judgment was entered against him, then the said judgment was entered illegally and in violation of the rules of the court in that he had no notice of the bringing of the action nor the required notice of trial after the suit was brought.
■ “And the defendant further states that if it shall appear that a judgment was entered against him in favor of the plaintiff, then the said judgment was satisfied by a payment of the ¡Car Owner’s Mutual Insurance Co. or the receivers thereof.”
* * *
“All the material evidence introduced at the hearing appears in the above written decision of the trial justice except that a certificate of notice filed in the *282 papers and signed by Carleton H. Parsons, attorney for the plaintiff states' that on February 18, 1930 he notified the defendant that he would mark case #13919 for trial on March 6, 1930 by mailing, postage prepaid, to the defendant’s home at 10 Summit St., Gloucester Mass. ,a written notice thereof. The case was not, however, heard on that day.”
No testimony of either party was heard. Counsel agreed upon the identity of the parties, that is, that the judgment creditor is the plaintiff and that the judgment debtor is the defendant.
It isl nowhere stated clearly in the report what happened in the original action, nor what facts the trial justice heard or considered in this action but he made the following finding of fact:
“This is an action brought on a judgment entered in this court in case #13919' of 1929 on May 20, 1982 in the amount of $600. damages and $9:92 costs.
“The original action was in tort for personal injuries sustained by the plaintiff when he was1 struck by an automobile which was- operated by the defendant.
“An answer was filed which was signed as follows:
‘For .the- defendant Frederick G. Katzman and Donald EL Mayberry Receivers of the Car Owners Insurance Company by Martin Witte, Attorney. ’ There was also filed with the answers1 a notice that the Supreme Judicial Court of the- Commonwealth of Massachusetts had on December 18, 1928 entered an interlocutory decree which was amended by a further interlocutory decree entered December 10, 1929 enjoining the prosecution, but not the bringing of any actions -against defendants whose automobiles were insured by the Car Owners Mutual Insurance Company. The defendant’s car was insured in this company.
“On April 23, 1932, Carleton H. Parsons, Attorney for the plaintiff sent to- Frederick G. Katzman as attorney .for the- defendant a notice that the case was being marked for trial in the District 'Court of Eastern Essex on May 5, 1932. On April 28, 1932 Mr. *283 Witte mailed to the Clerk of the District Court a letter containing- a copy of a letter which he, on that day, sent to Mr. Parsons. In the letter to Mr. Parsons he stated that the appearance of Mr. Katzman was only ‘ as one of the receivers of the Car Owners Mutual Insurance Company which has insured this defendant.’ He stated further, ‘in any event, a notice to Mr. Katzman would be no protection to the defendant and he would be pleasied to have you supplement your notice to bim by a further notice to the defendant himself.’ The injunctions entered in the Supreme Judicial Court had been vacated in July, 1931.
“In a letter from Mr. Witte to- the Clerk of the District Court dated May 2, 1932 he said ‘I therefore suggest, as I have heretofore, that some appropriate note be given to the defendant so' as to givie him an opportunity to make such preparation for trial as he desires to. ’
“From the court records it does not appear that any further notice was given to the defendant. No appearance of counsel was filed in his behalf. The following entries appear in the docket: May 19', 1932, defendant called in open court and defaulted; May 19, 1932 hearing on question of damages; May 20, 1932, judgment for plaintiff; June 10, 1932 execution issued.
“The present action was entered on February 23, 1946.
“The court rules that although the judgment entered was void because the defendant was not given notice of the hearing as required by the rules of the District Court, its validity cannot be attacked in this proceeding. The defendant’s remedy would seem to be by writ of error.”
At the close of the hearing in this case the defendant made the following requests for rulings, the disposition of each ruling following its statement.
“1. The question of the jurisdiction of the court to pronounce judgment or to order a judgment entered is always open and may be revised at any time. Granted.* 2. An action cannot be maintained to recover upon an *284 illegal or void judgment. Denied. 3. A judgment based upon a default because the defendant has not had notice to appear is void. Granted. 4. Where the Supreme Judicial Court has entered an injunction against the bringing of an action, and in violation of said injunction an action is brought in the District Court, a judgment entered by the District Court in said action is void. Denied as being inapplicable to the facts found as I do not find that the Supreme Judicial Court had entered an injunction against the bringing of the action. 5. The plaintiff cannot recover in this case because the action is brought on a void judgment. Denied. 6. The judgment obtained in the previous action was void because it was based uponhi default without notice to the defendant and an opportunity by him to be heard. Granted. 7. The judgment obtained in the previous action was void because it was based on a suit, the bringing of which had been enjoined by the Supreme Judicial Court. Denied. 8. The evidence warrants a finding for the defendant. Denied. 9. Upon any view of the evidence, a finding for the defendant is required. Denied.”
The report states that it contains all the evidence material to the questions reported.
What happened in the original action seems substantially to have been as follows. In an action of tort against the operator of an automobile, the receivers of the insurance company carrying the operator’s liability insurance entered an appearance for the insurance company. It nowhere appears whether the defendant in that action was personally served with process or not but at some time he was defaulted and a judgment was entered upon the default. Considering what appears in the record, the probability is that the default followed the non-appearance of the defendant following the marking of the case for trial, notice of which did not reach the defendant as provided for by Buie 5 of the District Court Buies (1922 Ed.), then in force. In any event there was an action and a default followed by a judgment *285 and the present action.on the judgment, which the defendant attempted to defend by raising the lack of notice to him of the proceeding in the.district court which terminated in the default.
The trial judge found that the original judgment here sued on was “void” but could not be impeached in this action and that the defendant’s remedy would seem to be by writ of error.
The trial justice would have been more nearly correct in his statement if he had said that such a judgment is not void but voidable, because although it can be impeached by proper procedure, nevertheless it remains a judgment if not attacked and set aside and can be the basis of a valid final judgment. Coolidge v. Cary, 14 Mass. 115. Bailey v. Edmundson, 168 Mass. 175. Dalton-Ingersoll Co. v. Fiske, 175 Mass. 15, at 22. Berry Clothing Co. v. Shopnick, 249 Mass. 459, at 464. A judgment entered upon a default may be final and entitled to all the weight of res judicata. Cohen v. Industrial Bank and Trust Co., 274 Mass. 498, at 503. And see Mercadante v. Aldorasi, 295 Mass. 596, at 597.
Such a domestic judgment, however, while open to attack by a writ of error cannot be attacked in a suit upon the judgment. McCormick v. Eliot, 138 Mass. 379, at 381. Eliot v. McCormick, 144 Mass. 10.
‘ ‘ The general principle is, that a domestic judgment of a court of common law jurisdiction, to which a writ of error will lie, is valid, as between the parties, until reversed; notwithstanding a failure to obtain, by proper process, jurisdiction of the person of the party against whom it is rendered. * * * a judgment in another state, even of a court of general jurisdiction, may be impeached by plea and proof upon the ground of a want of jurisdiction of the person, in the court rendering the judgment. * * * Domestic judgments, cannot be thus impeached collaterally, by the parties thereto; not because of an apparent authority in the *286 court to render the judgment, but because the remedy by review or writ of error is held to be more appropriate. This consideration, and not the rank of the court as inferior or superior, is the ground of distinction between erroneous proceedings which are to be treated as void and those which are voidable only. * * * the writ of error is the appropriate remedy by which to set aside the judgment; and that until so set ■aside the parties are concluded by it. If the defendant would avoid the judgment he must do so by procuring the judgment itself to be vacated.” Hendrick v. Whittemore, 105 Mass. 23, at 27, 28, 30.
“When a judgment debtor is sued here upon a judgment the defences open to him depend upon the fact as to where the judgment was entered. If in our own courts the defence of want of service and that he never appeared is not open and usually can be availed of by proceedings to revive or annul the judgment. * * * The only exception, made after the adoption of the fourteenth article of the Amendments to the Constitution of the United States, is that a non-resident of Massachusetts against whom a judgment in personam has been rendered here who neither was served personally with process nor appeared in the action in which the judgment was entered is not obliged when sued here upon the judgment to resort to a writ of error to reverse it.” Chicago Title & Trust Co. v. Smith, 185 Mass. 363, at 365, 366.
The difference between the rights of the defendant in an action on a foreign judgment is well marked by the case of Needham v. Thayer, 147 Mass. 536, at 538, in which the defendant, at that time a resident of Massachusetts, was permitted to attack the judgment sued on directly because at the time of the bringing of the original action he was a nonresident of Massachusetts. Cheshire National Bank v. Jaynes, 224 Mass. 14, at 15. Schmidt v. Schmidt, 280 Mass. 216, at 220, 221.
In this case the question was whether there was any error in the disposition of the rulings requested. The first ruling *287 requested was given and becomes the law of the case. The second, fifth, eighth and ninth, which were denied, were denied properly as not correct statements of the law, as has been demonstrated by the cases cited. The third and sixth which were given do not represent the law but the defendant has no valid complaint because they were given at his request. DiLorenzo v. Atlantic National Bank, 278 Mass. 321, at 323. Thomas H. Jewett Jr. v. Keystone Driller Co., 282 Mass. 469, at 475. Woodman v. Haynes, 289 Mass. 114, at 117, 118. Baker v. Davis, 299 Mass. 345, at 348. Although the trial judge incorrectly described the original judgment as “void”, when it was voidable only there was no prejudicial error because his disposition of the case was proper.
“A mistake in failing to follow a ruling of law erroneously adopted, to a decision contrary to the rights of the parties on the facts found to be true, does not require a new trial when it is manifest that a just decision, in the light of the governing principle of law, has been made. Clearly the substantial rights of the defendants have not been injuriously affected. They have suffered no real harm.” Freeman v. Robinson, 238 Mass. 449, at 452. Crawford v. Roloson, 254 Mass. 153, at 164. Williams v. Pittsfield Lime & Stone Co., 258 Mass. 65, at 71. Reilly v. Selectmen of Blackstone, 266 Mass. 503, at 512. Hamilton Manufacturing Co. v. Lowell, 274 Mass. 477, at 487. Alderman v. Noble, 296 Mass. 30, at 33. Rathgeber v. Kelly, 299 Mass. 444, at 446.
The fourth request was denied by the trial justice as contrary to a fact found by the trial justice, and the seventh was denied, the trial justice being under no compulsion to find the facts stated in the request and not so finding. ■
No prejudicial error appearing, the report is to be dismissed.

 The trial court’s ruling and findings on 'each of the defendant’s requests for rulings are printed in italics1 following the request.