No. 163818

## JAMES J. KELLEY, ET ALS

v.

## ASSOCIATES CONSUMER FINANCE CO., INC.

Argued: March 31, 1967.    Decided: April 13, 1967.

*Present:*    Adlow, C.J., Riley, Lewiton, J.J.

Case tried to *Morrissey, J.,* in the Municipal Court of the City of Boston.    No. 163818.

*Adlow, C.J.*    Action of *Audita Querela.* The plaintiffs in these proceedings were originally sued on a note by a writ dated July 15, 1965

and returnable in the Municipal Court of the City of Boston (case numbered 136550). There was a default entered against the defendants for failure to answer interrogatories on September 21, 1965. This default was removed upon the filing of answers. Subsequently, a motion was filed to default the defendants on October 14, 1965. The reasons for said motion as set forth alleged that the answers were not dated, nor signed under oath. On October 29, 1965 the judgment was entered against the petitioners in these proceedings in the sum of $1,801.74. Execution was issued on October 30, 1965.

On June 28, 1966 these petitioners, claiming that some of them had received no notice of the hearing on the motion of October 14, 1965, brought a petition to vacate judgment. This petition was allowed subject to the filing of a surety company bond in the amount of $2,000. This condition was not met and the original judgment and execution remain in full force. In this action of *Audita Querela* the defendants in the original action seek to vacate the judgment outstanding against them. The defendant in *Audita Querela* filed a demurrer to the petitioners' action which the court sustained, and the petitioners being aggrieved bring this report.

■ There was no error. If there was any irregularity in the original proceedings against these petitioners, the proper remedy was by a petition to vacate judgment.

■ The petitioners did pursue this course and the court granted their petition on the condition that they file a bond. This requirement of a bond was sanctioned by the provisions of G.L. c. 250, § 17, and no question was raised by the petitioners of the propriety of the court's order at the time it was made.

■ The petitioners now seek to circumvent the order of the court in the proceeding to vacate judgment by bringing a petition of *Audita Querela*. Such a petition is not available to one who is aggrieved by irregularities in procedure which prejudiced him prior to the rendition of judgment in the cause. In such cases relief can be sought by motion. G.L. c. 250, § 14, by petition to vacate judgment, G.L. c. 250, § 15, or, by a Writ of Review, G.L. c. 250, §§ 21, 22.

In *Audita Querela* the basis for relief lies only in events occurring after judgment which render it inequitable to enforce the judgment of the court. Such a petition cannot impeach a judgment "except for matter going in discharge of it *ex post facto*". *Thatcher, et al Exrs.* v. *Gammon,* 12 Mass. 268, 270.

The benefits of this action are not available to a party who had an opportunity and neglected to avail himself of defences and rights which existed prior to the rendition of judgment. *Lovejoy* v. *Webber,* 10 Mass. 101, 103; *Goodrich* v. *Willard,* 11 Gray 380; *Radcliffe v. Barton,* 161 Mass. 327, 330.

The court was clearly right in sustaining the demurrer to this petition. **Report dismissed.**

EDWARD F. MYERS

of Boston for the Petitioner

SAMUEL E. KAUFMAN

of Boston for the Defendant