MARCELLUS ROPER *vs.* MABELLE FELLOWS MURPHY, administratrix.

Worcester. September 26, 1944. — October 25, 1944.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Executor and Administrator*, Real estate of decedent, Insolvent estate. *Jurisdiction*, Estate of decedent.

A bill in equity could not be maintained by the grantee in a deed of land to compel the administrator of the estate of the grantor to convey the land to the plaintiff where the plaintiff merely averred that the defendant's intestate delivered a deed of the land to him as purchaser, that he gave it to the defendant's intestate to record and that, after having been in possession of the land for twenty-three years, he discovered that the defendant's intestate had not recorded the deed;

the suit in substance related to a lost and unrecorded deed and should not have been brought against the administrator, who had no title to the land.

The Superior Court had no jurisdiction of a suit in equity upon a promissory note against the administrator of the estate of the maker where it appeared that the maker's estate was insolvent.

BILL IN EQUITY, filed in the Superior Court with a writ dated February 13, 1943.

The case was heard by *Donnelly,* J.

In this court the case was submitted on briefs.

*M. F. Murphy & F. P. McKeon,* for the defendant.

*H. R. Sher,* for the plaintiff.

DOLAN, J.  This is a bill in equity by which the plaintiff seeks to compel the administratrix of the estate of Herbert F. Roper to convey to him certain real estate and to establish the indebtedness of the intestate to him on a demand note for $1,900.  The bill was brought originally against Annie H. Roper, the administratrix of the estate of the intestate.  Upon her death the administratrix de bonis non of his estate was substituted as the party defendant.

Material allegations of the bill, as amended, are that in 1919 the plaintiff purchased the land in question from the intestate for $150, which was paid; that the intestate thereupon signed, executed and delivered a deed of the land to the plaintiff; that the plaintiff then gave the deed to the intestate who was to record it; that the plaintiff has been in possession of the land ever since, and in December, 1942, discovered that the deed had never been recorded; and that in 1933 the intestate, who was indebted to the plaintiff for large sums of money, made a promissory note to the plaintiff in the sum of $1,900 which the intestate did not pay although the plaintiff requested him to do so.  The defendant demurred to the bill, assigning as causes of demurrer that the plaintiff states no cause in equity against the defendant and that the plaintiff has a plain, adequate and complete remedy at law.  The defendant also answered. The judge entered an interlocutory decree overruling the demurrer, and after hearing filed findings that the amount of the note with interest at six per cent was due from the

estate of the intestate and that the plaintiff is the real owner of the land in question and entitled to a deed from the defendant administratrix, and entered a final decree adjudging that the debt due to the plaintiff is $1,900 with interest in the sum of $1,210.30 and ordering that the defendant administratrix convey the premises in question to the plaintiff by a good and sufficient quitclaim deed free from all encumbrances within twenty-one days from the "day of the allowance of final decree." The defendant appealed from these decrees.

The demurrer should have been sustained. The facts alleged in the bill do not make a case for specific performance of an agreement on the part of the intestate to convey real estate, or a case where the intestate held real estate which by operation of law is subject to be conveyed to others within the meaning of G. L. (Ter. Ed.) c. 204, § 1. See *Derby* v. *Derby*, 248 Mass. 310, 313, 314. The case presented by the allegations of the bill is one of a lost deed with record title to the real estate involved standing in the name of the intestate. Upon his death that title of record passed to his heirs under the laws of descent and distribution, G. L. (Ter. Ed.) c. 190, §§ 1, 3; *Hooker* v. *Porter*, 271 Mass. 441, 446, and not to his administratrix, who is without power to convey the same except as she may be authorized to do so by license of the Probate Court under the statutes providing therefor. See G. L. (Ter. Ed.) c. 202. The administratrix of the estate of the intestate as such, in the absence as here of any license to sell, had no interest in the real estate which she could convey effectively. *Hooker* v. *Porter*, 271 Mass. 441, 446. *Cook* v. *Howe*, 280 Mass. 325, 328. *Hodgkinson* v. *Hodgkinson*, 281 Mass. 463, 466. *Patrick* v. *Dunbar*, 297 Mass. 40, 43. *Moran* v. *Manning*, 306 Mass. 404, 409. *Nunes* v. *Rogers*, 307 Mass. 438, 443. Any rights that the statutory heirs of the intestate or those claiming under them might have in the real estate involved could not be adjudicated properly in this proceeding to which they have not been made parties. See *Olcott* v. *Bynum*, 17 Wall. 44, 59.

With respect to the debt alleged to be due from the in-

testate to the plaintiff upon the note before described, the court below had no jurisdiction of the subject matter. The bill alleged that the estate of the intestate is insolvent. That being so, the only method by which the plaintiff could seek recovery on the note is that prescribed by the statutes relative to the settlement of insolvent estates of deceased. persons, G. L. (Ter. Ed.) c. 198, the original jurisdiction of which, with certain exceptions not here material (see § 31), is exclusively in the Probate Courts.

The interlocutory decree overruling the demurrer is reversed, and instead an interlocutory decree is to be entered sustaining the demurrer. The final decree entered by the judge is reversed with costs of this appeal to the defendant.

*So ordered.*