## JOHN J. RYAN & others *vs.* HELEN R. McMANUS.

Essex.    May 6, 1948. — July 23, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, SPALDING, & WILLIAMS, JJ.

*Equity Jurisdiction,* Accounting. *Equity Pleading and Practice,* Parties,
Venue. *Guardian,* Recovery of ward's property. *Trust,* Resulting
trust, Termination of trust, Purchase of property by trustee. *Executor and Administrator,* Real estate of decedent.

A suit in equity to establish an alleged interest of a minor as a tenant in
common of real estate and for an accounting of rents received by the
defendant from the real estate should have been brought in the name
of the minor and not in the name of his guardian.

A suit in equity, in which the plaintiffs in the bill alleged that they and
the defendants were tenants in common of real estate and sought an
accounting of rents received therefrom by the defendant and the
appointment of a "receiver . . . to take possession of and manage
the . . . real estate and to dispose of same by sale and distribute
the proceeds to the owners entitled thereto," might be maintained
although on the allegations of the bill the plaintiffs could have maintained in the Probate Court a partition proceeding in which such an
accounting could have been had.

An accounting of the rents received from and the management of a rooming house, an apartment house and a department store over a period
of several years could properly be taken in equity under G. L. (Ter.
Ed.) c. 214, § 3 (6).

An administrator was a proper party plaintiff in a suit in equity for an
accounting of rents received by the defendant from real estate during
a period when the plaintiff's intestate had been a tenant in common
thereof with the defendant.

A suit in equity to establish alleged interests of the plaintiffs in real estate
and for an accounting of rents received by the defendant therefrom
was properly brought in a county of which all the parties were residents or inhabitants although the real estate was located in another
county.

A use of funds of a testamentary trust by the trustees for the purchase
of real estate under a deed running to the testator's widow and two
daughters as joint tenants was a breach of trust where the will provided that the widow and the daughters should have the income of
the trust property in certain shares during the widow's life and that
upon her death the trust property should go to the daughters equally;
such breach of trust gave rise to a resulting trust of an undivided half
interest in remainder in the purchased real estate in favor of, and

descending to the heirs of, one of the daughters, who ultimately survived her mother but predeceased her sister, as against the surviving sister.

An agreement by all the three beneficiaries of a testamentary trust, all of whose rights were vested, to terminate the trust as to certain real estate purchased with trust funds under a deed running to the three beneficiaries as joint tenants at variance with the interests given them by the will in trust property, was not shown where it appeared that two of the beneficiaries were unaware of the legal effect of such deed and believed that the interests in the purchased real estate thereby acquired by them were in accordance with the will.

Participation by a testamentary trustee, who also was one of three beneficiaries under the trust, in a breach of trust through use of trust funds for a purchase of real estate under a deed running to the three beneficiaries as joint tenants at variance with the interests given them in trust property by the will, did not in the circumstances preclude heirs of the trustee-beneficiary from maintaining a suit in equity against the survivor of the beneficiaries to enforce a resulting trust of an interest in the real estate arising from such breach.

A resulting trust of an undivided interest in real estate, which had arisen in favor of an intestate, should be enforced, in the absence of any license authorizing the administrator of his estate to sell his interest, by a decree ordering conveyance thereof to his heirs in the proper proportions rather than to the administrator.

BILL IN EQUITY, filed in the Superior Court on October 25, 1945.

The defendant appealed from a decree overruling her demurrer, entered by order of *Dowd*, J., and from a final decree entered by order of *Forte*, J., following confirmation of a master's report.

*W. S. Kenney*, for the defendant, submitted a brief.

*C. F. Hathaway*, for the plaintiffs.

DOLAN, J. This is a bill in equity for determination of the title to certain real estate, for an accounting of rents received therefrom by the defendant, and for other relief. The suit is recited to be brought by the plaintiff John J. Ryan in his several capacities as an individual, as administrator of the estate of Florence L. Ryan (his deceased wife), and as guardian of Rosemarie Ryan, their minor child. The suit so far as the minor is concerned should have been brought in the name of the ward instead of in that of her guardian who, however, may represent her. G. L. (Ter. Ed.) c. 201, § 37. This is a purely formal defect and may be cured by amendment. *Greeley* v. *Flynn*, 310 Mass. 23,

28.  On that basis we treat the minor Rosemarie, as a party plaintiff. [1]

The material allegations of the bill may be summed up as follows: Florence L. Ryan died intestate on May 8, 1945, leaving as her only heirs at law her husband and one child, the minor Rosemarie. "As a result of the death of said Florence L. Ryan, the plaintiff, as said individual and guardian, acquired title in, and right to income from, certain real estate, all located in Lowell, county of Middlesex, in said Commonwealth, identified as follows: One-half ($\frac{1}{2}$) interest in 64 Tyler Park (rooming house)  One-half ($\frac{1}{2}$) interest in 215 Stevens Street (apartment house)  One-fourth ($\frac{1}{4}$) interest in Merrimack Corner Palmer Streets (dept. store) . . . The said Florence L. Ryan and Helen R. McManus were sisters, and each acquired title to said real estate in equal shares upon the death of their mother, Rose J. Gilbride, late of said Lowell, on June 15, 1938." The defendant from June 15, 1938, to May 8, 1945, collected all the rents therefrom and has refused the demands of the plaintiff as administrator for an accounting thereof, and since May 8, 1945, has refused the demands of the plaintiff as an individual and as guardian for an accounting.  It is further alleged in the bill that "In order to protect the plaintiff's interests as said individual and guardian in the subject real estate, it is necessary that a receiver or other disinterested party be appointed to take possession, to manage same, and, if advisable, to dispose of all of said properties by sale and to distribute the proceeds to the owners entitled thereto."  The prayers of the bill are: "1. The defendant, Helen R. McManus, be ordered to render to the plaintiff in his capacity as administrator, a full and complete accounting of her management of and financial transactions in respect to said real property for the period from June 15, 1938, to May 8, 1945.  2. The defendant, Helen R. McManus, be ordered to render to the plaintiff in his capacities as individual and guardian, a full and com-

---

[1] Unless otherwise denominated, reference in the opinion to the plaintiff John J. Ryan will be to him in his individual capacity, and reference to the plaintiffs will be to him in that capacity and to Rosemarie Ryan.

plete accounting of her management of and financial transactions in respect to said real property for the period from May 8, 1945, to date. 3. That the amounts now rightfully due to said plaintiff in his several capacities, be ascertained and ordered paid to him. 4. A receiver or other disinterested party be appointed to take possession of and manage the subject real estate and to dispose of same by sale and distribute the proceeds to the owners entitled thereto," and for such further relief as may seem just and proper.

The defendant demurred to the bill on the following grounds: "1. That this court is without jurisdiction of the subject matter of the bill of complaint for the following reasons: (a) The bill is in the nature of a petition for partition over which Probate Courts have exclusive jurisdiction, and (b) Plaintiffs' fourth prayer is for appointment of a receiver to dispose of real estate located entirely within the county of Middlesex and not within the county of Essex. 2. John J. Ryan is improperly joined as a party plaintiff in his capacity as administrator of the estate of Florence L. Ryan. 3. The plaintiffs have a complete and adequate remedy at law." Without waiving her demurrer the defendant filed her answer. The demurrer was overruled by the judge.

The demurrer was overruled rightly. While on the allegations of the bill partition would also lie and an accounting could be had in such proceedings under G. L. (Ter. Ed.) c. 241, §§ 1, 2, 25, that is not an exclusive jurisdiction for an accounting. We are of opinion that the bill states a case for an accounting under the provisions of G. L. (Ter. Ed.) c. 214, § 3, which provides as follows: "The supreme judicial and superior courts shall have original and concurrent jurisdiction in equity of the following cases: . . . (6) Suits upon accounts of such a nature that they cannot be conveniently and properly adjusted and settled in an action at law." The property as to which the accounting is sought is alleged to be three parcels of real estate, one of which is described as a rooming house, another as an apartment house, and the third as a department store, and the period over which the accounting is sought is alleged to

cover about seven years. In these circumstances we think it sufficiently appears by necessary implication from the allegations of the bill that the account would be so complicated that it could not be as conveniently or expeditiously investigated at common law as in equity. *Pierce* v. *Equitable Life Assurance Society,* 145 Mass. 56, 60. *Moseley* v. *Bolster,* 201 Mass. 135, 142. *Ball* v. *Harrison,* 314 Mass. 390, 392. John J. Ryan was a proper party plaintiff as administrator of the estate of his wife as to the period between June 15, 1938, and May 8, 1945, the date of her death. The fact that the real estate in question was located in Middlesex County, while the bill was brought in Essex County, is immaterial. All of the parties interested were residents or inhabitants of the county in which the bill was brought. Suits in equity in the Supreme Judicial Court or in the Superior Court "may be brought in any county in which a transitory action between the same parties might be brought, as well as in counties in which it is elsewhere provided that such suits may be brought." G. L. (Ter. Ed.) c. 214, § 5. In *Dary* v. *Kane,* 158 Mass. 376, 378, the same ground of demurrer was urged by the defendant and was rejected by the court under the authority of a statute to like effect. For reasons already given concerning the jurisdiction of the Superior Court to entertain the present bill, the defendant's third ground of demurrer could not have been sustained properly. *Stratton* v. *Hernon,* 154 Mass. 310, 312.

The case was referred by the judge to a master whose report, to which no objection was taken, was confirmed by an interlocutory decree entered March 1, 1948, from which no appeal was taken. The findings of the master are summarized as follows. The only parcel of real estate now involved is that located at 215 Stevens Street in Lowell, the parties having adjusted their differences with respect to the other two parcels described in the bill. Patrick Gilbride died in Lowell on March 29, 1914. He was survived by his widow, Rose J. Gilbride, and two daughters, Florence (the now deceased wife of the plaintiff John), and Helen, the defendant. By his will, which was duly allowed, he gave

his entire estate in trust to pay the income therefrom as follows: one half to his wife for life, and one quarter to each of his daughters; and provided that at the death of his wife, upon both of his daughters reaching the age of thirty years, the trust property was to be conveyed to them in equal shares. His wife and one Burns were named as trustees in the will and qualified as such. Burns resigned as trustee a year or two thereafter (inferentially sometime in 1915 or 1916). The testator's daughter Florence was appointed trustee to fill the vacancy thus caused and so acted with her mother until the latter's death on June 15, 1938. No trustees' accounts were ever filed. Mrs. Gilbride and Florence as such trustees had title to certain real estate in Lowell, known as Gilbride Terrace. On November 1, 1922, Mrs. Gilbride and Florence, as cotrustees under the will of Patrick, conveyed that property to one Alford and one Brown, the consideration in the deed being recited to be $45,500. The trustees received from this transaction at least $12,500 clear. On May 23, 1923, the executors of the will of one Putnam conveyed to the above mentioned Rose J. Gilbride, Florence L. Gilbride and Helen R. Gilbride as joint tenants three parcels of real estate on Stevens Street in Lowell. Mrs. Gilbride was a woman keen in business matters and dominated the administration of the trust. She "negotiated for the purchase of the Stevens Street property and therein contacted James F. Corbett, Esq., a practising attorney in Lowell, counsel for the Gilbrides following the death of Patrick. She told Mr. Corbett that she was bringing the Putnams to his office for a real estate agreement to be drawn, and on May 9, 1923, these people met at Mr. Corbett's office in Lowell and executed a real estate agreement whereby Rose, individually, agreed to purchase this property for $25,000, of which $500 was paid before this meeting, $200 paid the day the agreement was signed, and $9,300 was to be paid in cash upon delivery of the deed and the remainder of the purchase price by a note and mortgage payable to the trustees of George E. Putnam estate. Title was later passed in the office of Mr. Corbett and at that time a mortgage and note in the amount of $14,400 was given and signed

by Rose, Florence, and Helen, payable in one year, with interest at six per cent. Mr. Corbett's connection with this transaction was only to see that the mortgage and note were executed. He made no inquiries at any time as to where the purchase money came from or the reason why title was taken by Rose and her daughters jointly and he cannot now recall that he then knew of this joint tenancy but feels that if he did he must have explained to them the legal significance of joint tenancy in a deed." Mrs. Gilbride told John J. Ryan that she bought the Stevens Street property with funds she had received from the sale of Gilbride Terrace. Mrs. Gilbride died on June 15, 1938. Her total assets were inventoried at $2,970.33. The defendant as executrix of her will filed her final account showing a balance of $386.13, after payment of debts, taxes and other expenses, as having been distributed in equal shares to herself and Florence. After the death of Mrs. Gilbride the defendant always believed that the property involved was owned by her and Florence in common, and "treated and believed rents from the property due and payable after Florence's death as belonging to Florence's legal representatives. The fact that title to this property was held as joint tenants by Rose, Helen, and Florence was not discovered or made known to the defendant and her counsel until this bill was brought in October, 1945, and an examination of the title then made." In conclusion the master found that the real estate in question was purchased with funds belonging to the trust under Patrick's will; that the $10,000 in cash which was paid by Rose at the time of its purchase was received by her, as trustee of that will, from the proceeds of sale of the Gilbride Terrace trust property; that she "negotiated and caused the completion of" the "transactions" as to the purchase of the Stevens Street property "under an honest but mistaken belief that she had a right to do so"; that at her death Florence and Helen had each attained the age of thirty years; that Helen is now the sole record holder of title to the real estate involved, but that John J. Ryan individually is entitled to one third of one undivided half interest therein, and that the minor Rosemarie is entitled

to two thirds of one undivided half interest therein. The master further found that the claim for an accounting under the bill "up to July 31, 1947," had been waived and that no evidence had been presented upon which he could base any findings of any amounts that might become due after that date. The judge entered a final decree "1. That the defendant, Helen R. McManus, holds the so called Stevens Street property, as described in the master's report, as trustee for herself and John J. Ryan as administrator of the estate of Florence L. Ryan. 2. That said Helen R. McManus forthwith execute and deliver as such trustee a good and sufficient deed conveying to said John J. Ryan as administrator of the estate of Florence L. Ryan a one-half (½) interest in the so called Stevens Street property, as described in the master's report." The defendant's appeal brings the case before us.

The defendant contends that since the plaintiffs claim through Florence, they can have no rights greater than she had; that as cotrustee she acquiesced in the action of Mrs. Gilbride in using funds of the trust in the purchase of the property in question and in taking title thereto in their names and in that of the defendant as joint tenants; that thus Florence enlarged the interest in the property given to her under the terms of the trust and could not be heard to complain of the transaction to which she had consented; and that the relief decreed is not within the scope of the bill because there is no allegation in the bill that the defendant was holding the property in part upon a trust for the plaintiffs.

It is alleged in the bill that title to the interests such plaintiffs claim in the real estate described therein was acquired by them by descent from Florence. See G. L. (Ter. Ed.) c. 240, § 6. Proof thereof could be made by any sufficient evidence, including proof that the interests claimed by them in the real estate were held by the defendant upon a resulting trust for them. By the findings of the master it is established that funds of the trust under Patrick's will were employed improperly in the purchase of the real estate in question. Such being the case, it follows as matter of law that a resulting trust in an undivided one half interest

in remainder in the real estate in question for the benefit of Florence, through whom the plaintiffs John J. and Rosemarie Ryan claim, arose under the terms of the will creating the trust unless there is something in the facts found by the master to require a ruling to the contrary. This brings us to the question whether such plaintiffs, whose rights cannot rise above those of Florence, are barred from relief because of her conduct as cotrustee in participating in the use of funds of the trust in securing a conveyance of the real estate involved by the deed purporting to create a joint tenancy among the three beneficiaries of the trust.

The purchase of the real estate in question in the names of Mrs. Gilbride and Florence and Helen, the defendant, as joint tenants was a breach of trust, since it was not in conformity with the directions of the testator as to the administration of the trust estate. If the deed was effective, Mrs. Gilbride, to whom the testator had given but one half the income from the trust estate during her life, stood to take an entire interest in the real estate in question in fee should she survive the testator's daughters, and under the terms of the deed one or the other of the latter stood to take the real estate by survivorship in fee, instead of taking but one half thereof each upon the death of their mother under the terms of the will. The findings of the master disclose, as before stated, that Mrs. Gilbride as cotrustee dominated the management of the trust estate, that in purchasing the real estate involved with funds of the trust in the manner above described she honestly but mistakenly believed that she could so do properly, that Florence as cotrustee, however unwittingly, actually participated as matter of law in this use of the trust funds, and that after the death of Mrs. Gilbride in 1938 the defendant Helen and Florence until her death in 1945 always treated the real estate as if held by them as tenants in common. That would have been the result had the terms of the trust been adhered to. The master has further found that the defendant Helen did not know that the record title to the real estate stood in the names of her mother, her sister and herself as joint tenants until after the death of Florence in 1945.

Under the terms of the will Mrs. Gilbride had a vested interest in one half of the income from the trust estate for life. Each of the daughters had a vested interest in the remaining income and also an undivided half interest in remainder in the trust estate itself which would come into possession upon the death of Mrs. Gilbride, and which unless disposed of prior to their death would then pass, so far as real estate, to their respective heirs or devisees and, so far as personalty, to their respective personal representatives. The will of the testator does not provide that the remaindermen are to be ascertained only at the death of the life beneficiary, and the presumption that it was intended to give vested interests, which the law favors, is strengthened by the fact that the provision is for the benefit of the direct descendants of the testator. *Boston Safe Deposit & Trust Co.* v. *Nevin,* 212 Mass. 232, 238, and cases cited. Since the interests of all the beneficiaries under the trust were absolutely vested, by an agreement joined in by all they could have effected a termination of the trust. Ordinarily, vested interests are assignable, transmissible and descendible. So far as appears the interest of Mrs. Gilbride was assignable. This power to terminate the trust is closely analogous to the power of each beneficiary to assign his interest therein. *Commissioner of Corporations & Taxation* v. *Second National Bank,* 308 Mass. 1, 8, 10–12, and cases cited. It is true in the present case that an apparent object of the trust created by the testator was to protect his wife, Mrs. Gilbride, during her life, and it cannot be said rightly that, at the time of the purchase of the real estate in question and the taking of title thereto in her name and that of the other two beneficiaries as joint tenants, that object had been fully accomplished[1]; nevertheless at the time of her death that object had been accomplished. The parties, however, did not agree to the termination of the trust upon the terms of the deed of the real estate in question bought with funds of the trust. It is mani-

---

[1] See *Sears* v. *Choate,* 146 Mass. 395, 397–398; *Ames* v. *Hall,* 313 Mass. 33, 37; *Whitney* v. *Whitney,* 317 Mass. 253, 257; *Allen* v. *First National Bank & Trust Co.* 319 Mass. 693, 696–697.

fest from the findings of the master that the defendant did not so agree, and that she was unaware until the present bill was filed that she held other than an undivided half interest in the real estate involved. It is a fair inference that Florence until her death was of like mind and uninformed as to the legal consequences following the purchase with funds of the trust in the names of the beneficiaries as joint tenants. It follows that it cannot be said rightly that the trust was terminated by agreement of the beneficiaries at the time of the diversion of the trust funds from the trust purposes. On the whole, notwithstanding that as cotrustee Florence must be held as matter of law to have participated in the transaction which gives rise to the present suit, we are of opinion that it is equitable and just in all the circumstances that the real estate in question, into the purchase of which funds of the trust estate have been traced, should be dealt with, as it was dealt with by Florence and Helen for so many years, in a manner consistent with the intention of the testator as expressed in his will, and that relief should be granted in accordance with the ultimate finding of the master in order that the intention of the testator be not frustrated. The allegations of the bill are sufficient to support that relief. See *Bleck* v. *East Boston Co.* 302 Mass. 127.

The decree entered by the judge adjudging that the defendant holds the property in question as trustee for herself and "John J. Ryan as administrator of the estate of Florence L. Ryan," and ordering the defendant to convey one undivided half interest in the real estate involved to "John J. Ryan as administrator of the estate of Florence L. Ryan," is erroneous. Since it does not appear that he has been licensed to sell this interest of his deceased wife in the real estate involved, he could have no standing to seek conveyance of the interest of his deceased wife to himself as administrator of the estate of his wife. *Tyndale* v. *Stanwood*, 190 Mass. 513, 516. *Hooker* v. *Porter*, 271 Mass. 441, 446, and cases cited. *Roper* v. *Murphy*, 317 Mass. 176, 178. *De Angelis* v. *Palladino*, 318 Mass. 251, 252. As we interpret the bill, he did not seek that relief as administra-

tor but sought only an accounting in that capacity, and the master properly found that he individually was entitled to one third of an undivided half interest in the real estate involved, and that the minor Rosemarie was entitled to two thirds of an undivided half interest therein.

The decree entered by the judge is reversed. An amendment to the bill is to be allowed substituting for the plaintiff John J. Ryan, as guardian of the minor Rosemarie, the ward herself as a party plaintiff, and thereafter final decree is to be entered adjudging that the defendant holds an undivided one half interest in the real estate involved upon trust for the plaintiff John J. Ryan, in the proportion of an undivided third thereof and for the plaintiff Rosemarie Ryan in the proportion of two undivided thirds thereof, and ordering the defendant to convey by quitclaim deed to John J. Ryan individually one third of an undivided half interest in said real estate and to convey to Rosemarie Ryan by quitclaim deed two thirds of an undivided one half interest therein.

*So ordered.*