Morton Richard **KIMMEL** and Richard Allen Paul, Co-Administrators, C.T.A. of the Estate of Josiah Marvel Scott, deceased, **Plaintiffs,**

v.

**WILMINGTON TRUST COMPANY, Co-Trustee of the Trust of William H. Fenn, Defendant.**

Court of Chancery of Delaware, New Castle.

Feb. 1, 1972.

Leshem & Kimmel and Lindh & Biden, Wilmington, for plaintiffs.

George Tyler Coulson and John Kai Lassen, of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant.

DUFFY, Chancellor:

This is an action by the Administrators, C.T.A. of the Estate of Josiah Marvel Scott against Wilmington Trust Company to recover moneys allegedly owed to the Estate. This is the decision on defendant's motion for summary judgment.

### A.

On June 6, 1960 the Court entered an order appointing Wilmington Trust Company and Mr. Scott as successor trustees of a trust created under the will of William H. Fenn, deceased. The order provided:

"(4) That all of the assets of said respective trust estates, including cash, and all certificates and evidences or other muniments of title to said estates shall be held in the sole custody of the corporate trustee . . . .

.   .   .   .   .   .

(9) Upon the death, resignation or removal of Josiah M. Scott as a Co-Trustee . . . the commissions on principal payable to the said Josiah M. Scott

under this order shall be paid to him or his estate, as the case may be."

Under the terms of that order the Trust Company collected and holds $16,713.94 in principal commissions earned by Mr. Scott as trustee and which, but for the matters referred to in this case, would have been routinely paid to his Estate.

It is undisputed that during his lifetime Mr. Scott borrowed from Wilmington Trust Company sums totaling $330,000 through collateralized loans made between April and September 1969. There is nothing in the present record showing payment of all of that debt. Defendant claims a right to set off the commissions earned by Mr. Scott against the debt; plaintiffs argue that the commissions must be paid to the Estate.

### B.

On its face the complaint appears to be for money due and owing, which is clearly within the subject matter jurisdiction of the Superior Court; if it is, this Court does not have jurisdiction. 10 Del. C. § 342. For this reason the Court raised *sua sponte* the question of its jurisdiction, the parties provided authorities and both contended that the suit is properly in Chancery. I agree.

Essentially, the claim involves a dispute between trustees as to the right to commissions earned by virtue of an appointment made by this Court. And the key point is that this Court's order gave one of the trustees, the Trust Company, the right to exclusive possession ("sole custody") of all trust assets and earnings. In so doing, a practical advantage was given the Trust Company in a dispute with its co-trustee (or his Estate). Since this Court's order created the fact situation on which the dispute is based, I am satisfied the Court has and should exercise its general jurisdiction over trustees under Mr. Fenn's will to settle the dispute as to payment of commissions earned while acting

as a trustee, 90 C.J.S. Trusts § 261; compare Spruance v. Darlington, 7 Del.Ch. 111, 30 A. 663 (1894). In addition, given the relationship between the co-trustees, the Estate may be entitled to an accounting. Tharp v. St. Georges Trust Co., 27 Del.Ch. 216, 34 A.2d 253 (1943).

### C.

Defendant argues that under the terms of the collateral notes signed by Mr. Scott, it has both a right to set off the amount of commissions due him against unpaid obligations under the notes and a contractual lien upon the commissions.

I must first consider the relevancy of the Dead Man Statute, 10 Del.C. § 4302.[1] Plaintiffs argue that the Statute bars consideration of an affidavit filed by Joseph Moran, a Trust Company Vice President, and of the collateral notes themselves.

The Supreme Court recently reviewed the Statute and emphasized two points: it does more harm than good and "should be strictly construed, narrowly limited in its application, and not extended by interpretation beyond the literal and clear meaning of its explicit terms." Connor v. Lyness, Del.Supr., 284 A.2d 473 (1971).

■■■ By that test, the Statute bars only testimonial evidence; it does not bar documentary evidence. Stoeakels v. Peoples Nat. Bank of Laurel, Del.Super., 6 Terry 478, 75 A.2d 433 (1950). It therefore follows that the Dead Man Statute does not bar Court consideration of the collateral notes executed by Mr. Scott prior to his death.

■■■ In its terms, the Statute disallows testimony as to "any transaction with or

statement by" a testator. Paragraph 4 of Mr. Moran's affidavit states that loans were made by defendant to Mr. Scott and at his death a balance (less than the amount of the loans) had not been paid. Such testimony concerns a "transaction" between the parties within the meaning of the Statute and is barred by it. Stoeakels v. Peoples Nat. Bank of Laurel, supra. But this is not determinative of the motion because, as I have said, the notes themselves are proof of a debt and there is no evidence as to payment.

### D.

The notes signed by Mr. Scott provided in part:

"Whenever any Obligor shall be in default as aforesaid, (1) unless the Bank elects otherwise, the entire unpaid amount of such of the Liabilities as are not then due and payable shall become immediately due and payable without demand or notice to or on any Obligor . . . ; (2) the Bank may, at its option, exercise from time to time any or all rights and remedies available to it under this note and the Uniform Commercial Code . . . ; (3) without limiting any other right, at its election, Bank may set off against the Liabilities any and all moneys then owed to any Obligor by Bank in any capacity, whether or not due, and Bank shall be deemed to have exercised such right of setoff immediately at the time of such default even though any charge therefor is entered on Bank's records subsequent thereto. No delay or omission by Bank in exercising any right or remedy hereunder shall be construed as a waiver of the right to exercise the same or any other right or remedy at any time . . . ."

---

1. 10 Del.C. § 4302 provides:
   "No person shall be incompetent to testify in any civil action or proceeding whether at law or in equity, because he is a party to the record or interested in the event of the suit or matter to be determined. In actions or proceedings by or against executors, administrators or guardians in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate or ward, unless called to testify thereto by the opposite party."

■ The Bank contends that under these terms it has a right to set off any amounts it owes the deceased against his obligations under the notes. On the record it appears that Mr. Scott was in default under the notes and thus the Bank had a right to accelerate. In the absence of proof of non-execution of the notes or of discharge of the obligations by payment or otherwise, I see no reason why clause (3) of the notes should not be given its plain effect: it permits a setoff against "any and all moneys" owed to Mr. Scott by defendant "in any capacity." The language is broad, the purpose is clear. The right given is not restricted in any way.

■ Plaintiffs argue that the commissions held by the Bank are to be paid directly to the Estate and are therefore not subject to setoff against debts of the decedent. But that contention is without merit because claims against a decedent are considered to become claims against his estate and setoff is the proper method of settling conflicting claims. 34 C.J.S. Executors and Administrators § 468(e); Medlinsky v. Premium Cut Beef Co., 320 Mass. 22, 67 N.E.2d 762 (1946). In short, the notes represent a contract between the two trustees and by its terms Mr. Scott agreed that (under certain circumstances) the Bank had a right to set off against any commissions due him the amount of any of his unpaid obligations to the Bank. That was his agreement and there is no reason in law why it should not be given effect here.

It is unnecessary to consider other contentions of the parties. Defendant's motion for summary judgment will be granted.