STEPHEN W. HOWE, administrator,[1] vs. JOSEPH F. JOHNSTON, administrator,[2] & others.[3]

No. 94-P-1946.

Suffolk. December 12, 1995. - January 23, 1996.

Present: DREBEN, GILLERMAN, & JACOBS, JJ.

*Practice, Civil*, Parties. *Executor and Administrator*, Real estate of decedent, Status in proceedings involving estate, Proceedings commenced after death of decedent, Recovery of assets. *Limitations, Statute of.*

In an action brought in Probate Court seeking to set aside an alleged fraudulent conveyance of real estate, the judge incorrectly dismissed a defendant who was a necessary party to the action under Mass.R.Civ.P. 19; the matter was remanded for further proceedings. [652-653]

A Probate Court judge correctly denied motions to dismiss as time barred an action to set aside an alleged fraudulent conveyance of real estate, where G. L. c. 197, § 9 (one year limitations period) was not applicable to an action to enforce an equitable interest in property and where the three year limitation period of G. L. c. 260, § 2A, was tolled by the incapacity of the owner of the property until her death and the action was timely filed by her administrator thereafter. [653-654]

In a civil action, an affidavit of counsel, submitted in support of plaintiffs' motion for summary judgment, that did not address the issues presented was insufficient as matter of law for the plaintiffs to prevail even in the absence of opposing affidavits. [655]

On remand of an action brought by the administrator of an estate seeking reconveyance of real estate allegedly fraudulently conveyed while the testator was incapacitated, any question with respect to the standing of the administrator should be addressed by a motion to amend the complaint to substitute the heirs as plaintiffs. [655-656]

---

[1]The record is not clear whether Howe was executor or administrator with the will annexed of Adeline Fuoco. In her findings, the judge refers to him as executor. Howe's brief refers to himself as administrator with the will annexed.

[2]Of the estate of Joseph J. Fuoco, Jr.

[3]Henry Fuoco, Mary Moscaritolo, Nancy Nutt, Maurice J. Fuoco, Adeline Duffy, Robert Fuoco, Joan [sic] Carey, Frank Fuoco, Elizabeth Allendorf, and Kelly Dunshee. Dunshee, as discussed in the opinion, was later dismissed as a defendant.

CIVIL ACTION commenced in the Suffolk Division of the Probate and Family Court Department on July 18, 1991.

The case was heard by *Nancy M. Gould*, J.

*Richard F. Benway* for the defendants.

*John T. Daley* for the plaintiff.

DREBEN, J. Adeline Fuoco, age ninety-three, died on April 28, 1989, survived by ten children. In 1986, she transferred a parcel of real estate to her son Joseph. In 1991, Stephen Howe, the administrator of her estate, sought to set aside the deed on the ground that Adeline had been incompetent at the time of execution. After a trial, a probate judge declared the deed null and void.[4] Joseph's daughter and sole heir, Kelly Dunshee, and Joseph Johnston, the administrator of Joseph's estate — Joseph Fuoco had died in 1990 — appeal from that judgment. They claim that the judge erred in dismissing Dunshee as a defendant as she was a necessary party under Mass.R.Civ.P. 19, 365 Mass. 765 (1974), and also erred in denying Dunshee's motion to dismiss on the ground of the statute of limitations, see G. L. c. 197, § 9(*a*), and c. 260, § 2A. We agree that she was a necessary party and remand the case for further proceedings.

1. *Dismissal of Kelly Dunshee as a party*. Howe moved to dismiss Dunshee as a defendant on the ground that she was "not a[n] heir at law of the . . . decedent," Adeline Fuoco.

---

[4]Some of the relevant findings of the judge were: "Adeline Fuoco's mental condition was not sound and her judgment was impaired. On March 19, 1986, Adeline Fuoco was legally blind, did not sign the alleged deed, nor did she ask someone else to sign the Deed at her direction. In addition, the notarization occurred outside her hospital room and no credible evidence was presented to demonstrate the notary even knew the signature was not Adeline Fuoco's or that . . . [her signature was authorized].

"The Court finds the conveyance from Adeline Fuoco to Joseph Fuoco, Jr. fraudulent. Adeline Fuoco was elderly, sick and infirm, but these factors would not prevent her from conveying her real estate. However, in this case, Adeline Fuoco was legally blind and 'confused.' She did not sign the 'Deed' in question nor authorize anyone else to sign it. Clearly, she did not possess the requisite understanding for conveyancing her real estate on March 19, 1986."

Although an earlier motion to dismiss had been denied, Howe's second motion was allowed on December 8, 1993.[5]

Dunshee argues that her interests differ from those of the administrator of Joseph's estate, and that she was denied the opportunity to participate in both pretrial discovery and in the trial itself. We need not consider whether her interest differs from Johnston's as it is established under Massachusetts law that an administrator, unless given special authority, is legally a stranger to real property, and an action for a conveyance will normally not lie against him. Newhall, Settlement of Estates § 9.10 (Belknap rev. 5th ed. 1994). Thus in *Roper* v. *Murphy*, 317 Mass. 176, 178 (1944), an action brought against the administrator of an estate to compel the conveyance of a parcel of real estate, the Supreme Judicial Court pointed out that upon a decedent's death, title of record passes to his heirs and not to his administrator. The court held that "[a]ny rights that the statutory heirs of the intestate or those claiming under him might have in the real estate involved could not be adjudicated properly in this proceeding to which they have not been made parties." *Id.* at 178. It follows that Dunshee should not have been dismissed as a party. For this reason, the judgment is vacated and the case remanded to the Probate Court for proceedings in which Dunshee can participate.

2. *Statute of limitations.* Dunshee and Johnston also claim that their motion to dismiss Howe's action should have been allowed because it is barred by both G. L. c. 197, § 9, and by G. L. c. 260, § 2A. The claim is without merit. Section 9 of G. L. c. 197[6] bars only those actions brought by a creditor of an estate after the expiration of the one year period of limi-

---

[5]The judge's findings of fact after trial stated that: "On . . . June 29, 1993, this Court denied [Howe's] Motion in this action to . . . dismiss[ ] as to Kelly Dunshee. Consequently, Kelly Dunshee, the only heir to her late father's estate, is a Respondent in this action." This finding was erroneous in view of the December 8, 1993 allowance of Howe's renewed motion to dismiss.

[6]General Laws c. 197, § 9(*a*), as inserted by St. 1989, c. 329, § 5, provides that "an executor or administrator shall not be held to answer to an action by a creditor of the deceased unless such action is commenced within one year after the date of death of the deceased."

tations and does not bar actions to enforce equitable interests in property. See *New England Trust Co.* v. *Spaulding*, 310 Mass. 424, 430 (1941).

The other statute relied on in Dunshee's motion to dismiss, § 2A of G. L. c. 260,[7] establishes a three year limit during which an action in tort must be commenced. Chapter 260, § 7, as amended through St. 1987, c. 522, § 19, however, provides:

> "If the person entitled thereto is a minor, or is incapacitated by reason of mental illness when a right to bring an action first accrues, the action may be commenced within the time hereinbefore limited after the disability is removed."

Howe's complaint alleged that Adeline was "blind, of unsound mind, and not competent to deal with or dispose of her property" at the time she executed the deed to Joseph. The allegations, if proven, come within the term "incapacitated by reason of mental illness." See *Hornig* v. *Hornig*, 6 Mass. App. Ct. 109, 111 (1978). Contrary to Dunshee's contention, G. L. c. 260, § 10,[8] the relevant portion of which is set forth in the margin, does not limit the application of the tolling provision of § 7. If it is shown that Adeline was incapacitated and the incapacity continued until her death, the action, filed on July 18, 1991, was timely since it was brought within three years of her death.

---

[7]General Laws c. 260, § 2A, as amended by St. 1973, c. 777, § 1, provides that "actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years after the cause of action accrues."

[8]General Laws c. 260, § 10, in relevant part provides:

> "If a person entitled to bring or liable to any action before mentioned dies before the expiration of the time hereinbefore limited, or within thirty days after the expiration of said time, and the cause of action by law survives, the action may be commenced by the executor or administrator at any time within the period within which the deceased might have brought the action or within two years after his giving bond for the discharge of his trust . . . ."

Johnston and Dunshee also argue that the judge erred in denying their motion to dismiss because Howe failed to file any opposing affidavits. While Howe has the burden of proving facts which will take the case out of the statute of limitations, the affidavit filed by Dunshee in support of her motion to dismiss was that of her attorney and did not in any way address Adeline's state of mind at the time she executed the deed. It had no bearing on the critical question of Adeline's competency for purposes of the statute of limitations or on the merits. That the judge below erroneously referred to affidavits submitted by Howe with his opposition to the motion to dismiss[9] is not significant. Johnston and Dunshee were not entitled to summary judgment as matter of law by reason of their counsel's affidavit.

3. *Standing of executor or administrator.* Johnston and Dunshee also claim that Howe, as executor of Adeline's estate, lacks standing to bring this action to set aside the deed to Joseph. They maintain that since title to real estate descends immediately to Adeline's heirs at law or to her devisees,[10] Joseph's brothers and sisters were the only parties who properly could be named as plaintiffs. Their argument makes no reference to G. L. c. 204, § 1, which provides, in pertinent part, that the equity jurisdiction of the Probate Court

"shall . . . extend to the specific enforcement of reconveyance by persons alleged to be improperly holding or retaining property belonging to the estate of a deceased person . . . and to the cancellation of deeds, releases or other conveyances or acquittances executed by a person since deceased . . . *on the petition of the executor, ad-*

---

[9]It seems likely that the judge was referring to the answers submitted by the defendants Joanne F. Carey, Elizabeth Ann Allendorf, and Frank Fuoco. Each answer was signed by the individual defendant and each stated that Adeline was of unsound mind and not competent to deal with her property at the time she signed the deed to Joseph.

[10]The will of Adeline is not in the record but the list of the defendants named by Howe suggests that if she left a will, she left the real estate to all her children.

*ministrator, guardian, conservator or receiver, as the case may be.*" (Emphasis supplied).

We are aware that, despite the statute, the quoted clause of which was inserted by St. 1929, c. 342, § 2, there is Massachusetts case law denying the right of an administrator to seek reconveyance. *DeAngelis* v. *Palladino*, 318 Mass. 251, 252 (1945) (administrator cannot bring action for reconveyance). See *Medinsky* v. *Premium Cut Beef Co.*, 320 Mass. 22, 25 (1946) (administrator only entitled to rents prior to decedent's death; heirs entitled to them thereafter); *Ryan* v. *McManus*, 323 Mass. 221, 225, 231-232 (1948) (administrator lacks standing to seek conveyance).

These cases, however, do not mention the statute, and it may not have been brought to the court's attention. The wording of the statute suggests that Howe, as the administrator or executor. of Adeline's estate, is a proper party to bring this equitable action to set aside the deed under G. L. c. 204, § 1. See 1 Newhall Settlement of Estates § 2:14, at 90 (Belknap rev. 5th ed. 1994). But see §§ 9.10 and 11.9. In any event, many, if not all of Adeline's heirs were parties to the action (as defendants) and were in effect joining in Howe's complaint. In such circumstances, the requisite parties were before the court. On remand, by amendment, the alignment of the parties can be changed and Adeline's heirs substituted as plaintiffs. See *Ryan* v. *McManus*, 323 Mass. at 232. See also *Rafferty* v. *Sancta Maria Hosp.*, 5 Mass. App. Ct. 624, 627 (1977) (amendment may be allowed to bring in parties who would have been time-barred from commencing an independent action.)

4. *Miscellaneous.* Dunshee and Johnston also raise several evidentiary issues which we decline to reach as they may not arise in the course of a new trial. The plaintiff will, of course, have the burden of proving that Adeline was incompetent to make the transfer and that such incompetency continued for a sufficiently long period that the present action is not barred.

5. *Conclusion.* Because Dunshee was improperly dismissed from the case prior to trial, the judgment of the Probate

Court is vacated. The case is remanded to the Probate Court for further proceedings in which she is to participate as a party.

*So ordered.*